## HUNTER v. MILAM.

### No. 19,555; August 3, 1895.

41 Pac. 332.

**Marriage—Want of Authority to Perform.**—The fact that the person performing a marriage ceremony in California in 1858 was not authorized to perform such ceremonies would not invalidate the marriage, if assented to by the parties and consummated by cohabitation as husband and wife.

**Marriage—Necessity of License.**—Prior to Act April 9, 1863, a license was not a prerequisite to marriage.

**Marriage—Woman Under Age of Consent.**—Under Statutes of 1850, page 424, making fourteen years the age of consent, and declaring guilty of a misdemeanor one who joins in marriage a female under eighteen years of age without consent of her parent, the marriage is not void, though consent of the parent is not obtained, the female being over fourteen years old.

**Divorce.**—A Sworn Complaint by a Female for Divorce from M., filed after her marriage to H., alleging her marriage to M. prior to the time of her marriage to H., and that she and M. "ever since have been and now are husband and wife," is, in the absence of explanation, conclusive, in an action against her by H. to annul his marriage with her, that she and M. were married in due form at the time alleged, and that M. was living, and was her lawful husband, when she married H.

APPEAL from Superior Court, Los Angeles County; J. W. McKinley, Judge.

Action by Jesse Hunter against Jane Elizabeth Milam, sometimes known as Jane Elizabeth Hunter. Judgment for defendant. Plaintiff appeals. Reversed.

Knight, Simpson & Knight and Simpson & Harphan for appellant; S. A. W. Carver for respondent.

SEARLS, C.—Jesse Hunter, the appellant, brings this action to annul a marriage entered into with the defendant at Los Angeles, California, on the third day of July, 1862, upon the ground that at the time of the alleged marriage of plaintiff and defendant the latter had another husband living, viz., one Joseph Milam, from whom she was not divorced, and

which said marriage between said defendant and the said Joseph Milam had not been annulled. The amended complaint avers that prior to the marriage of plaintiff and defendant, viz., in the month of February, 1858, at the county of San Bernardino, state of California, defendant intermarried with one Joseph Milam, who was still living, and from whom she was not divorced, but which marriage was still in force and effect at the time of her marriage with plaintiff; that plaintiff and defendant lived together as husband and wife until 1884, when he learned that Joseph Milam, the defendant's former husband, was still living, whereupon he severed his connection with defendant; and that thereupon defendant brought an action to obtain a divorce from said Milam, and that on the twenty-ninth day of March, 1884, a decree was duly made and entered in the superior court in and for the county of Los Angeles, dissolving the bonds of matrimony between said defendant and said Milam. The answer admits that in the month of February, 1858, a marriage ceremony was performed between her and the said Joseph Milam, but avers, on information and belief, that the person who performed said ceremony had no right or authority so to do. She further alleges that she was at the time but fifteen years of age; that her father and mother, with whom she was living, did not consent to her marriage with said Milam, and that within ten days after said purported marriage she left said Milam, and returned to her parents, and that Milam departed from the county of San Bernardino, since which time she has heard nothing of him, or whether he is living or dead. The answer further avers knowledge on the part of plaintiff of the marriage of defendant previously to his marriage to her, and avers cohabitation with her until May, 1884, etc. An amendment to the answer sets up the statute of limitations as a bar to the action. The cause was tried by the court, written findings made and filed, upon which judgment was entered June 14, 1893. The appeal is from the judgment and from an order denying plaintiff's motion for a new trial. The notice of appeal was served and filed August 14, 1894, more than one year after the entry of judgment, and cannot therefore be considered, so far as it applies to the judgment. Counsel for defendant moved in the court below to strike out the statement of plaintiff upon the ground that no notice of intention to move for a new trial was served or filed within

the time required by law, or within ten days after notice of the decision. The affidavits and testimony upon the motion pro and con are quite voluminous, and present a sharp conflict. Under these circumstances, it can serve no useful purpose to discuss it at length, and it matters not what our views might be were the question presented to us as an original proposition, as it involves an issue of fact which was passed upon by the court below and determined against the contention of the defendant, and, in consonance with an oft-repeated rule, this court will not reverse the conclusion reached by the court below upon questions of fact depending for their solution upon conflicting evidence. The motion for a new trial must therefore be determined upon its merits.

The court below, after finding that plaintiff and defendant were duly married in 1862, proceeded to find that in February, 1858, a marriage ceremony was performed between Joseph Milam and defendant (defendant being then fifteen years of age), by a person unauthorized to perform marriage ceremonies; that no license was procured therefor, and that defendant was at that time living with her parents, who did not consent thereto or know thereof, and that thereafter the said defendant lived with said Milam as his wife for about ten days, when her parents compelled her to leave Milam and return home; that Milam then left the county of San Bernardino, and defendant has not seen or heard from him since; that the said Milam was not living at the time of the said marriage of plaintiff and defendant, and the marriage between defendant and Milam was not in force or effect at the time of the marriage between plaintiff and defendant, and there was no impediment to their marriage on July 3, 1862. These findings, except that in which it is found that plaintiff and defendant were married in 1862, are assailed by appellant as being unsupported by the evidence or as contrary thereto. The conclusion of law drawn from these facts is "that plaintiff and defendant were lawfully married on the third day of July, 1862, and ever since that time have been and now are husband and wife; that plaintiff should take nothing by his action"; and that defendant have judgment for $500 counsel fees. We are of opinion the findings assailed cannot be upheld.

1. There is not a particle of evidence in the record that the marriage ceremony between Joseph Milam and defendant was

performed by "a person unauthorized to perform marriage ceremonies," as found by the court. There was no evidence as to the person by whom the ceremony was performed, or as to his official character.

2. The fact that a marriage ceremony was performed in this state in 1858, by a person not authorized, would not in itself invalidate the marriage, if assented to by the parties and consummated by cohabitation of the parties as husband and wife.

3. No license was required as a prerequisite to marriage in this state in 1858, or prior to April 9, 1863: 2 Hitt. Gen. Laws, art. 4466; Stats. 1863, p. 244.

4. Fourteen years was the age of legal consent in 1858 (Stats. 1851, p. 186), and defendant, according to her own testimony, was over fifteen years of age when married to Milam.

5. By the marriage act of 1850, any person joining in marriage any male under the age of twenty-one years, or female under the age of eighteen years, without the consent of the parent or guardian of such minor, was deemed guilty of a misdemeanor and subject to a fine: Stats. 1850, p. 424. But the marriage was not void, or even voidable, except in cases where the female was under the age of fourteen years, and was not ratified on her part after reaching the age of fourteen years: Stats. 1851, p. 168.

6. The evidence that defendant was married to Joseph Milam in February, 1858, and that he was living in July, 1862, when she intermarried with the plaintiff, is to be found: (a) In her testimony at the trial, where she says that she was living in San Bernardino when she married Milam against her father's wishes; that her parents were Mormons, and were about to go to Salt Lake, and take her and her sister with them, and that she feared she would be sealed to some old man, and they both ran away, and she married Milam, with whom she lived ten days, when her mother took her home, and in a few days she went to Salt Lake. She further testified that she heard from her nephew that Milam was living in Walla Walla, and that then, by advice of her husband, she consulted counsel, and was advised to apply for a divorce from him. This was in 1883. (b) In December, 1883, defendant filed her sworn complaint against Joseph Milam, in the superior court in and for the county of Los Angeles, in which she

alleged that she and Milam intermarried in the county of San Bernardino, state of California, in February, 1858, "and ever since have been and now are husband and wife"; that defendant resides out of the state of California, and his residence is unknown; that about March, 1858, defendant therein willfully deserted her, etc.—whereupon she prayed that the marriage between herself and the defendant be dissolved, etc. On the twenty-fourth day of December, 1883, the plaintiff in said cause filed an affidavit for the publication of summons against said defendant, Milam, in which, after stating the nature and object of the action, she alleged that defendant could not, after due diligence, be found in California, and that, "to the best of her knowledge, information, and belief, he resides at Walla Walla, Washington territory." On the twenty-ninth day of March, 1884, the cause was tried by the court, and written findings filed, in which the court found that this defendant and said Milam intermarried in the county of San Bernardino in February, 1858, and ever since have been and now are husband and wife; that defendant resided out of the state; that said defendant willfully and without cause deserted the plaintiff therein in March, 1858; that defendant had been regularly served with process, had failed to appear and answer, and that his default had been regularly entered, etc.—whereupon a decree was duly entered whereby it was decreed "that the marriage existing between the plaintiff and defendant [therein] be, and the same is hereby, dissolved, and that plaintiff be and she is hereby freed and absolutely released from the bonds of matrimony," etc. (c) On the sixteenth day of February, 1892, the defendant herein filed her sworn complaint in the superior court in and for the county of Los Angeles, against the plaintiff herein, to procure the annulment of the marriage existing between them, in which complaint she averred: (2) Their marriage in 1862. (3) Her prior marriage in 1858 to Joseph Milam, and his desertion of her, and her ignorance of his whereabouts until after her marriage to the present plaintiff. (4) Her cohabitation with the plaintiff herein until 1884, when she discovered that her former husband, Joseph Milam, was still living; the institution of an action, and the decree of divorce against said Milam. (5) That this plaintiff and defendant herein have not lived together as husband and wife, or at all, since the

decree of divorce against Milam. (6) That there was no issue of either marriage, etc.

The foregoing testimony, which is without substantial conflict, would seem to call for but little comment. The record in the divorce case of Defendant v. Joseph Milam was in the nature of a proceeding in rem, and therefore binding upon, not only the defendant, but all the world: 2 Smith Lead. Cas., 6th Am. ed., 670, and cases there cited. Conceding, however, that this record is not absolutely conclusive of the facts therein enunciated, and which were necessary to confer jurisdiction upon the court in the given case, viz., that the plaintiff and defendant in that case were husband and wife, that defendant therein was living, and that the court had acquired jurisdiction of the case by such service as the law requires, still the admissions in the sworn complaint in that case, and in the action brought by the defendant against her husband, the plaintiff here, were not only sufficient, but, in the absence of explanation, conclusive of the facts that defendant and Joseph Milam were married in due form in 1858, and that said Joseph Milam was living, and the lawful husband of the defendant, at the date of her marriage to this plaintiff in 1862. The testimony of the defendant, tending indirectly to show that the plaintiff knew as well as she did of her former marriage, and of the existence of her husband under such marriage, and that he cohabited with her after her divorce from such former husband, can only be upheld upon the theory that she had deliberately committed willful perjury in her former sworn statements. The order denying a new trial should be reversed, and a new trial ordered.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order denying a new trial is reversed, and a new trial ordered.