[Civ. No. 2621.   First Appellate District, Division One.—December 13, 1918.]

ALVA JOHNSON, by Her Guardian ad Litem, etc., Appellant, v. MANUEL ALEXANDER, Respondent.

MARRIAGE—ANNULMENT—FEMALE UNDER AGE OF LEGAL CONSENT—CONSTRUCTION OF CODE.—An annulment of a marriage of a female is possible under subdivision 1 of section 82 of the Civil Code only when she was under the age of fifteen years at the time of the marriage, and the consent of her parents or guardian had not been previously obtained.

ID.—WRONGFUL ISSUANCE OF LICENSE TO FEMALE—VALID MARRIAGE.—
A marriage is neither void nor voidable because of the failure of
the county clerk, either willfully or through mistake, to obtain the
consent of a parent or guardian in issuing a license to a female
under the age of eighteen years.

APPEAL from a judgment of the Superior Court of Fresno
County. George E. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest Klette for Appellant.

C. K. Bonestell for Respondent.

LENNON, P. J.—This is an appeal from an order sustain-
ing a demurrer to the complaint. The complaint states that
the plaintiff and the defendant were married on the twenty-
third day of March, 1917; that, at the time of the marriage,
the plaintiff was of the age of fifteen years, and had not
previously been married; that said marriage was not consented
to in writing or otherwise, or at all, by the parents or guard-
ians of said plaintiff; that Jennie Carroll was, at the time
of said marriage, the legal guardian of plaintiff, and still is
said legal guardian, duly appointed and qualified, and has
likewise been appointed guardian *ad litem* for the purpose of
prosecuting this suit for the annulment of said marriage.

A demurrer to the complaint was sustained on the ground
that said complaint did not state facts sufficient to constitute
a cause of action.

The only question presented involves a construction of sec-
tion 82 of the Civil Code. This section provides that a marriage
may be annulled for a number of specified causes, existing
at the time of the marriage. The cause relied upon by plain-
tiff is: ''That the party in whose behalf it is sought to have
the marriage annulled was under the age of legal consent and
said marriage was contracted wihout the consent of his or her
parents or guardian, or person having charge of him or
her . . . ''

The precise question presented is whether the term ''age of
legal consent,'' as used in the above section, refers to the age
of fifteen years specified in section 56 of the Civil Code, as
the age at which females, not otherwise disqualified, are capable

of consenting to and consummating marriage, or whether it refers to the age of eighteen years, specified in section 69 of the Civil Code. The last-mentioned section provides that "If the male is under the age of twenty-one years, or the female is under the age of eighteen years, and such person has not been previously married, no license must be issued by the county clerk unless the consent in writing of the parents of the person under age, or one of such parents, or of his or her guardian, is presented to him, duly verified by such parents, or parent, or guardian; and such consent must be filed by the clerk, and he must state such facts in the license."

It will be noted that section 56 of the Civil Code specifies fifteen years as the age at which females are capable of "consenting to" and consummating marriage. Section 82 of the Civil Code provides for an annulment in cases where a party was "under the age of legal consent." It seems from the language of these two sections to be clear that an annulment would be possible under subdivision 1 of section 82 of the Civil Code, only when the party seeking it was under the age of fifteen years at the time of the marriage and the consent of her parents or guardian had not been previously obtained.

By section 69 of the Civil Code, the duty of the county clerk is clearly defined, but we are of the opinion that if he fails in this, either willfully or through mistake, and issues the license to a female under the age of eighteen years without the consent of parent or guardian, and the marriage is afterward solemnized, that such marriage is not void or voidable because of the failure of the clerk to perform his duty as prescribed.

After a careful search of the authorities, we are unable to find any decisions in which the precise question presented here is directly involved; but there are intimations in several decisions in this state which tend to sustain our view. In addition to these intimations, we quote from the language of the decision in the case of *Hunter* v. *Milam*, 5 Cal. Unrep. 107, [41 Pac. 332] :

"By the marriage act of 1850 (making 14 years the age of consent) any person joining in marriage any male under the age of 21 years or female under the age of 18 years without the consent of the parent or guardian of such minor was deemed guilty of a misdemeanor and subject to a fine, but the marriage was not void or even voidable except in cases where the female was under the age of 14."

Moreover, while the question to be directly decided here may not have been in issue, and, therefore, not necessary to a decision in the case of the *Matter of the Guardianship of Ambrose,* 170 Cal. 160, [149 Pac. 43], the sections of the code involved here were there considered and by the court construed to mean that it is only when the marriage is contracted by a minor who is incapable of consenting thereto by reason of being under the age of consent provided and designated in section 56 of the Civil Code, and the consent of his or her parents or guardian has not been secured, that the marriage may be annulled under the provisions of subdivision 1 of section 82 of the Civil Code.

We therefore conclude that the demurrer was properly sustained, and the judgment is affirmed.

Beasly, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.