WILDA BERRY, a Minor, by Ella Berry, Her Guardian ad Litem, Respondent, v. ALBERT WINISTORFER, Appellant.

(213 N. W. 27.)

**Marriage — legal age to consummate marriage.**

1. The age of legal consent to enter into the marriage relation and to consummate a marriage is fixed by § 4358 of the Compiled Laws of 1913, in the case of an unmarried female, at fifteen years or upwards.

**Marriage — "age of legal consent."**

2. Section 4368 of the Compiled Laws of 1913, which authorizes the annulment of a marriage on the ground of the non-age of a party, permits annulment when a party "was under the age of legal consent and such marriage was contracted without the consent of his or her parent or guardian," and it is held that "the age of legal consent," within § 4368 authorizing annulment, refers to the age of consent as fixed by § 4358 of the Compiled Laws of 1913.

Opinion filed April 8, 1927.

Marriage, 38 C. J. § 12 p. 1284 n. 8; p. 1285 n. 21, 24 New.

Appeal from the District Court of Cass County, *Cole,* J.
Reversed.

*W. H. Barnett, Francis Murphy,* and *Alfred Zuger,* for appellant.

"In every petition for annulment the plaintiff must allege the marriage sought to be annulled by stating the place and time where the marriage was celebrated." Kawabata v. Kawabata, 48 N. D. 1160, 189 N. W. 237.

*W. J. Courtney,* for respondent.

"Decisions of courts recognizing common law marriages under statutes different than our own are of no assistance in disposing of the matters at hand." Schumacher v. Great N. R. Co. 23 N. D. 232, 136 N. W. 85.

BIRDZELL, Ch. J. This action is brought to annul a marriage. The appeal is from an order of the trial court overruling a demurrer to the complaint.

The complaint alleges that Wilda Berry is a minor of the age of sixteen years; that upon her written request her mother had been appointed guardian ad litem for the purpose of bringing this action; that the plaintiff on or about the 20th day of December, 1924, was of the age of sixteen years and the defendant of about the age of thirty-three years; that prior to December 20, 1924, the defendant "by deception and deceit had sexual intercourse with this plaintiff, and on or about the 1st of December, 1924, had intercourse with the plaintiff and from such act plaintiff became" pregnant by the defendant. It is further alleged that on or about the 13th day of June, 1925, the defendant went to the home of the plaintiff and her parents and in the absence of the parents and without their consent advised and persuaded the plaintiff to elope with him; that he took her to Mapleton in Cass county, where he secured a room, and again had sexual intercourse with the plaintiff during the night of June 14, 1925; that the defendant on or about such date went before the county judge of Cass county and swore that the plaintiff was over eighteen years of age, and by such false and fraudulent statement secured a marriage license and had performed by the judge a purported marriage ceremony without the consent of plaintiff's parents; that he then told the plaintiff that she was his lawful wife; that the plaintiff was informed that she was not the legal wife of the defendant "and went home to her folks immediately, or within two days after the marriage was performed; that plaintiff had no knowledge of the law and was assured by the defendant, before and after the purported marriage, that he had been advised that the marriage would be and was legal and she was his lawful wife; that defendant was arrested and bound over on a charge of perjury for such false statement before the court, and has been bound over on a charge of rape to answer to this court; that plaintiff is pregnant by

this defendant and will be confined during the month of September, 1925, and has no means of supporting herself during her sickness or thereafter."

The foregoing are all the allegations of fact in the complaint bearing upon the validity of the marriage. The sufficiency of the complaint depends upon whether or not at the time of the marriage Wilda Berry had arrived at the statutory age of consent.

The causes for annulling a marriage are specified in § 4368 of the Compiled Laws of 1913. The ground set forth in the complaint is that which is contained in ¶ 1 of the section, and is as follows:

"When the party in whose behalf it is sought to have the marriage annulled was under the age of legal consent and such marriage was contracted without the consent of his or her parent or guardian, unless after attaining the age of consent such party freely cohabited with the other as husband or wife."

Section 4358 of the Compiled Laws of 1913 provides:

"Any unmarried male of the age of eighteen years or upwards, and any unmarried female of the age of fifteen years or upwards, and not otherwise disqualified, are capable of consenting to and consummating marriage; provided, that if the male is under twenty-one years, or the female under eighteen years of age, the license provided in this chapter shall not be issued without the consent of the parents or guardian, if there be any."

It will be noted that this statute specifically fixes the age of consent for a female at fifteen years and in the same chapter the ground for annulment on account of non-age does not specify the age in years but in these terms "under the age of legal consent." Clearly, this can have no other meaning than that of the age of legal consent to the contracting of the particular relationship, with reference to which the annulment is authorized, namely, that of marriage, and consequently it must be held to refer to § 4358, which fixes the age of consent for a female at fifteen years. Such is the holding in California under identical statutes. Johnson v. Alexander, 39 Cal. App. 177, 178 Pac. 297. Had it been the legislative purpose to authorize the annulment of the marriage of a minor, where a license had been procured without the consent of the parent or guardian, it would seem that fraud in the procurement of the license would have been made a ground for annulment.

What is said here is not to be construed as justifying fraud in connection with the procurement of a marriage ceremony. We think, however, that a distinction is to be observed between the annulment of an unconsummated marriage on grounds of fraud inducing the consent (see Lyndon v. Lyndon, 69 Ill. 43; Smith v. Smith, 171 Mass. 404, 41 L.R.A. 800, 68 Am. St. Rep. 440, 50 N. E. 933; Robertson v. Cole, 12 Tex. 356) and a consummated marriage. It is to be inferred from the allegations in the complaint before us that the marriage had been consummated.

We are not now concerned with the criminal responsibility of the defendant, either for false swearing to obtain the license or for his prior illicit relations with a female under the statutory age of consent to intercourse. These matters are governed by statutes that do not affect the civil remedy of annulment.

Order reversed.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.