LESSERT, et al, Respondents, v. LESSERT, et al, Appellant.

(263 N. W. 559.)

(File No. 7798. Opinion filed November 29, 1935.)

*Bangs & Rudesill,* of Rapid City, for Appellant.

*W. J. Hooper,* of Gregory, and *David F. Heffron,* of Martin, for Respondents.

WARREN, P. J. One of the defendants, Margaret Belsky Lessert, has appealed to this court from an order made November 20, 1934, denying her motion made June 30, 1934, for an order vacating, annulling, and setting aside the judgment annulling the marriage of the defendants and for leave to file a proposed answer

to the complaint therein. The complaint shows that Lawrence K. Lessert and Margaret Belsky were married at Hot Springs, S. D., on April 16, 1932. Lawrence K. Lessert was twenty and Margaret Belsky seventeen years of age. Both of them reached their majority in August, 1932. The parents of the contracting parties did not consent to the marriage. Some time after the marriage the mother of Lawrence K. Lessert, the plaintiff and respondent in this action, brought an action to annul the marriage in the circuit court of Fall River county, this state. It would appear that a trial was held before the circuit court at Rapid City, S. D., on September 6, 1932. The plaintiff and the defendant Margaret Belsky Lessert appeared before the court and testified. The court thereafter entered judgment annulling the marriage contract, which judgment was filed for record on October 24, 1932. The judgment recites the appearance of the parties and the fact that Margaret Belsky Lessert had answered the complaint and admitted all the allegations contained therein and appeared in person before the court and that at the time of the appearance in court had attained her eighteenth birthday and that she gave testimony before the court to the effect that both of the parties were not of legal age and did not have the consent of their parents to contract such marriage, whereupon the court ordered and decreed that the bonds of matrimony existing be annulled and declared of no binding force and effect and that each of the parties to the marriage contract be restored to their former single state and that such marriage was void under and by virtue of the statutes in such cases made and provided concerning the annulment of marriages. From the filing and entering of said judgment on October 24, 1932, nothing further was done until the 30th day of June, 1934, when a motion was made on behalf of the appellant to vacate the decree of the court. The order to show cause was heard before the judge of the circuit court of the seventh judicial circuit, who, after having heard and considered the matters in said application, ordered the application to be in all things denied, from which order the defendant Margaret Belsky Lessert has appealed to this court.

Appellant's first and third assignments of error, we feel, will dispose of this appeal. They will be considered together and are in substance to the effect that the marriage was valid and that the court was without jurisdiction to adjudge and to render a decree

of nullity for the reason that it appeared upon the face of the judgment roll that no cause of action existed in favor of the plaintiff and against the defendant or either of them. Certain statutes are involved, namely, section 104, 1919 S. D. Revised Code, which reads as follows:

"Any unmarried male of the age of eighteen years or upwards, and any unmarried female of the age of fifteen years or upwards, and not otherwise disqualified, are capable of consenting to and consummating a marriage."

And subdivision 1 of section 131 of the 1919 S. D. Revised Code, which is as follows: "That the party in whose behalf it is sought to have the marriage annulled was under the age of legal consent, and such marriage was contracted without the consent of his or her parents or guardian, or person having charge of him or her, unless, after attaining the age of consent, such party for any time freely cohabited with the other as husband or wife."

Section 115, 1919 S. D. Revised Code, provides that a license must not in any case be granted where either party is under the age necessary to render the marriage absolutely valid, and it further provides for the consent of the parent or guardian of such minor.

■ The statutory requirements as to the consent of the parents to the issuance of a marriage license where the parties are minors are only directory and do not affect the validity of the marriage. Browning v. Browning, 89 Kan. 98, 130 P. 852, L. R. A. 1916C, 737, Ann. Cas. 1914C, 1288; Niland v. Niland, 96 N. J. Eq. 438, 126 A. 530; In re Hollopeter, 52 Wash. 41, 100 P. 159, 21 L. R. A. (N. S.) 847, 132 Am. St. Rep. 952, 17 Ann. Cas. 91; Cushman v. Cushman, 80 Wash. 615, 142 P. 26, L. R. A. 1916C, 732. It seems that the consent of the parents is primarily concerned with the obtaining of a license. This court in the well-considered opinion of Svendsen v. Svendsen et al., 37 S. D. 353, 158 N. W. 410, 413, reviewed the effect of a failure to obtain a marriage license and thoroughly construed both the common law and statutory law. After reviewing the statutory provisions, the court said:

"There is no provision similar to that which controlled the decision in the Beverlin Case [29 W. Va. 732, 3 S. E. 36]—in fact, in line with the express declaration found in the above quotation

from the Beverlin Case, our statute, requiring a license, should be held to be directory merely. Furthermore, section 51, supra, specifically recognizes that, even though criminally liable, the parties are married. The statute (section 51) speaks of them as the parties 'so married,' not the parties attempting marriage. Also section 45, C. C., provides:

" 'Marriages must be solemnized, authenticated and recorded as provided in this article; but non-compliance with its provisions does not invalidate any lawful marriage. * * * ' "

"What other interpretation can be put upon this section than that any marriage which complies with sections 34 and 37 will be valid regardless of failure to conform to those requirements looking to the solemnization, authentication, and recording of the marriage? License merely looks to the authentication of the marriage. We conclude that license is not an essential to a valid marriage in this state." .

The Supreme Court of California in Johnson v. Alexander, 39 Cal. App. 177, 178 P. 297, 298, at some length reviewed statutes relating to marriage, age of consent, and annulments. The California statutes are in substance similar to ours, and we quote certain parts of the opinion:

"It will be noted that section 56, Civil Code, specifies 15 years as the age at which females are capable of 'consenting to' and consummating marriage. Section 82, Civil Code, provides for an annulment in cases where a party was 'under the age of legal consent.' It seems from the language of these two sections to be clear that an annulment would be possible under subdivision 1 of section 82, Civil Code, only when the party seeking it was under the age of 15 years at the time of the marriage and the consent of her parents or guardian had not been previously obtained.

"By section 69, Civil Code, the duty of the county clerk is clearly defined, but we are of the opinion that, if he fails in this, either willfully or through mistake, and issues the license to a female under the age of 18 years without the consent of parent or guardian, and the marriage is afterward solemnized, such marriage is not void or voidable because of the failure of the clerk to perform his duty as prescribed. * * *

"Moreover, while the question to be directly decided here may not have been in issue, and therefore not necessary to a decision

in the case of the Matter of the Guardianship of Ambrose, 170 Cal. 160, 149 P. 43, the sections of the Code involved here were there considered and by the court construed to mean that it is only when the marriage is contracted by a minor who is incapable of consenting thereto by reason of being under the age of consent provided and designated in section 56 of the Civil Code, and the consent of his or her parents or guardian has not been secured, that the marriage may be annulled under the provisions of subdivision 1 of section 82 of the Civil Code."

 The judgment of annulment was not merely erroneous, but absolutely void as it was beyond the power and authority of the court which rendered it. We feel that the court from the pleadings and evidence before it did not have the judicial power to render an annulment. The judgment of annulment being absolutely void and beyond the power and authority of the court which rendered it, we can see no valid objection to granting the relief by her motion wherein the invalidity is apparent upon the face of the record. See Judgments, 34 C. J. 325.

The order appealed from is reversed with instructions to the circuit court to enter an order setting aside and vacating the decree and judgment of annulment.

POLLEY, CAMPBELL, and ROBERTS, JJ., concur.

RUDOLPH, J. (concurring specially). The judgment of annulment is based upon an allegation contained in the complaint that at the time of the marriage Lawrence K. Lessert was twenty years of age, and Margaret Belsky Lessert was seventeen years of age. I concur in the opinion that these parties were not "under the age of legal consent," as defined in subdivision 1 of section 131, Rev. Code, 1919. The principal contention of respondent is that the judgment of annulment has become final because it was not appealed from within the time provided by law. In other words, respondent contends that this judgment is not void and subject to collateral attack. Respondent insists that the court had jurisdiction to enter this judgment, and that at the most the judgment was erroneous. It is clear that the court had jurisdiction of the parties, and equally clear that the court had jurisdiction of the subject-matter, that is, annulment of marriages. The precise question presented, it seems to me, is whether the court had the power

to render this particular judgment, and, if not, did its lack of power defeat its jurisdiction to act and make its judgment subject to collateral attack. It is my opinion that the case of Reddin v. Frick, 54 S. D. 277, 223 N. W. 50, 52, is controlling. In that case it was said, after a somewhat lengthy discussion of the general subject: "One of the essentials of a valid judgment is that the court pronouncing it must have jurisdiction not only to hear and determine the general class of actions of which that before it is one, but also the power to render the particular judgment in the particular case."

In this case it appears not only from the judgment roll, but from the concessions of respondent, that there was no case presented to the court which came within the meaning of our annulment statutes. The power of the court to annul a marriage is only by virtue of the statute. There being no facts alleged in the complaint, and concededly no facts presented to the court which would bring the case within the meaning of the statute, the court was without judicial power to render this judgment, and the judgment was void and subject to collateral attack within the meaning of Reddin v. Frick, supra.

I therefore concur in the result reached by the majority opinion.