CROSS, APPELLANT, v. CROSS, RESPONDENT.

(No. 8,052.)

(Submitted February 23, 1940. Decided March 15, 1940.)

[102 Pac. (2d) 829.]

Mr. *J. D. Taylor*, for Appellant.

Mr. *C. B. Calkins*, for Respondent.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an appeal from a judgment of the district court dismissing a complaint for the annulment of a marriage between James Cross and Alma Cross in a suit brought by the mother of James Cross on the ground that he was not of the statutory age when married and did not have the necessary parental consent.

The record discloses the following chronological order of happenings: That James Cross was born October 30, 1921; that beginning with November, 1936, he began keeping company with the defendant who was some four years his elder; that the two operated an advertising sheet in Stevensville and then moved to Idaho and there operated a similar concern; that during the time they were in Idaho they lived together and held themselves out as man and wife; that while the two were in Idaho

the mother (plaintiff) of the boy James, in a letter dated August 30, 1938, wrote to them telling them that they were forgiven and asking them to come to her place in Ravalli county; that about a week later the two came to the plaintiff's farm and there lived until the 15th of October, 1938; that on October 3, 1938, the son James told the plaintiff that the marriage had never been licensed or solemnized; that on October 15 the defendant left the plaintiff's home and went to live with her grandmother; that on October 22 the son James and the defendant went to Salmon, Idaho, and there were married after obtaining a license in which James falsified his age, he being at that time under the age of eighteen.

The district court found the issues against the plaintiff and refused to annul the marriage. The errors specified on appeal concern but one question—the refusal to grant the annulment.

The plaintiff brings her action under subdivision 1 of section 5729, Revised Codes, which is as follows: "A marriage may be annulled for any of the following causes, existing at the time of the marriage:

"1. That the party in whose behalf it is sought to have the marriage annulled was under the age of legal consent, and such marriage was contracted without the consent of his or her parents or guardian, or person having charge of him or her; unless, after attaining the age of consent, such party for any time freely cohabited with the other as husband or wife."

The first question is whether or not the Montana court has jurisdiction to entertain an annulment suit of this character, where the marriage was performed outside the state. In the absence of a provision in the statute, we are impressed by the general rule in regard to jurisdiction in annulment suits as stated in 38 C. J. 1349: "Jurisdiction of the marriage *res* depends upon the residence or domicile of the plaintiff, and it is immaterial where the marriage was solemnized." In this case the domicile of both parties is in Montana. This rule seems so well established and so universally applied that there can be no question of the right to attack in Montana the validity of a marriage performed elsewhere. In such an attack the validity

of the marriage is to be determined, not by the requirements for a valid marriage in Montana, but by the requirements of the state in which the marriage was performed, and our legislature has so provided, in effect, in section 5707, Revised Codes: "All marriages contracted without the state, which would be valid by the laws of the country in which the same were contracted, are valid in this state."

In the present case, because of the similarity of the statutory provisions in Idaho and Montana, the result to be reached would be the same whether the validity of the marriage were tested by the law applicable in Idaho or by that in effect in Montana. Section 31–202, Idaho Code Annotated, 1932, provides: "Where either of the parties to the contract are under the age of eighteen, the license shall not issue except upon the consent in writing, duly acknowledged or sworn to, of the father, mother or guardian of any such parties."

Section 31–501, Idaho Code Annotated, 1932, is similar to our section 5729, Revised Codes, providing for annulment of marriages. It provides for annulment where it appears "that the party in whose behalf it is sought to have the marriage annulled was under the age of legal consent, and such marriage was contracted without the consent of his or her parents or guardian, or persons having charge of him or her."

The question then is: Does the consent of the parent under the Idaho statute, in order to make the marriage valid, have to be written and acknowledged as provided in section 31–202, supra, or is the marriage valid where the parents had actually consented even though the consent was not written?

The requirement of written and acknowledged consent, as required by section 31–202 of the Idaho Laws, supra, has been held in cases considering similar statutes to be applicable only to the issuance of the license, and simply directory to the clerk who issues the license, and the lack of such written and acknowledged consent does not affect the validity of the marriage. (*Johnson* v. *Alexander*, 39 Cal. App. 177, 178 Pac. 297; *Lessert* v. *Lessert*, 64 S. D. 3, 263 N. W. 559, and cases therein cited.)

Our statute and the Idaho statute providing for annulment by reason of the lack of consent of the parents, do not have reference to written and acknowledged consent which should be submitted to the clerk before the license is issued, but rather refer to the lack of actual consent, no matter how expressed.

It should be noted that while section 5712, Revised Codes, ▇ provides that "no license shall be granted without the written consent of the father," yet section 5729 indicates that if consent is had from "his or her parents or guardian, or person having charge of him or her," then the annulment should be denied. In this case the plaintiff alleges in her complaint that she has had the "care, custody and control" of the minor. There is direct testimony that the mother (plaintiff) consented to the marriage. The record also shows circumstantially that the father acquiesced in the marriage. While there is a direct denial of this consent on the part of the parents, yet there is such substantial conflict in the evidence that this court will not determine that the trial court was in error in finding that the parents had consented to the marriage.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS and ANGSTMAN concur.

MR. JUSTICE ARNOLD, being disqualified, takes no part in the foregoing decision.

Rehearing denied May 31, 1940.