TEAGUE ET AL., APPELLANTS, *v*. ALLRED, RESPONDENT.

No. 8688

Submitted September 3, 1946. Decided October 3, 1946.

173 Pac. (2d) 117

Mr. Ralph L. Arnold, of Missoula, for appellants.

No appearance for respondent.

MR. JUSTICE CHEADLE delivered the opinion of the court.

Appeal from an order refusing to grant an annulment of marriage.

The complaint alleges the appointment of the plaintiff as guardian ad litem of Aileen Allred, a minor, and the daughter of plaintiff; that a marriage license was issued by the clerk of the Missoula county district court on June 14, 1946, to Aileen Teague and Buddy Allred, the couple being married the same day; that at the time of such marriage Aileen was a minor of the age of 17 years, and had not then attained the age of legal consent to marriage, and that she did not then have the consent of either of her parents to the marriage, and that no written consent was filed with the clerk at the time the license was issued; that the parties to the marriage, prior to issuance of the license, represented to the clerk that they were both of legal age. It further alleges that "since June 15, 1946, the said Aileen Allred and Buddy Allred have not cohabited, and said marriage has not been confirmed."

Subsequent to the filing of the complaint the defendant filed an instrument in said cause, denominated "Waiver of Time and Right to Appear and Plead," wherein he acknowledges service of summons and complaint, waives his time and right to demur, answer or otherwise plead to the complaint, and consents that his default be entered and judgment rendered in accordance with the prayer of the complaint. The matter was submitted to this court on appellant's brief, the defendant having waived his right to file brief.

In the trial court's opinion, it is stated that the evidence adduced at the hearing sustains the allegations of the complaint; that at the time of the marriage Aileen was of the age of 17 years; that consent of the parents or guardian was not given as required by section 5712, Revised Codes; that the marriage was followed by cohabitation of the parties. The

question posed by the trial court was, "whether under the facts and evidence herein the court has jurisdiction to give and make a decree as prayed for annulling the said marriage."

Statutory provisions applicable to the question involved are found in the following sections of the Revised Codes:

Section 5712: "Where either party is a minor, no license shall be granted without the written consent of the father, if living; if not, then of the mother of such minor or of the guardian, or person under whose care and government such minor may be, which written consent shall be proved by the testimony of at least one competent witness."

Section 5696: "Any unmarried male of the age of eighteen years or upwards, and any unmarried female of the age of sixteen years or upwards, and not otherwise disqualified, is capable of consenting to and consummating marriage."

Section 5729: "A marriage may be annulled for any of the following causes, existing at the time of the marriage:

"1. That the party in whose behalf it is sought to have the marriage annulled was under the age of legal consent, and such marriage was contracted without the consent of his or her parents or guardian, or person having charge of him or her; unless, after attaining the age of consent, such party for any time freely cohabited with the other as husband or wife. * * *"

Appellant argues, in effect, that under the provisions of section 5712, supra, a marriage entered into by a minor, without consent of parent or guardian, is invalid, and that a minor below the age of consent cannot legally marry even with the written consent of parent or guardian; that a marriage entered into by a person between the age of consent and majority is invalid and subject to annulment unless contracted with parental consent or its equivalent; that section 5712, by implication, renders invalid a marriage pursuant to a license issued contrary to its prohibition. This latter contention seems to have been effectively disposed of in Cross v. Cross, 110 Mont. 300, 102 Pac. (2d) 829, 830, where this court said:

"The question then is: Does the consent of the parent under

the Idaho statute, in order to make the marriage valid, have to be written and acknowledged as provided in section 31-202, supra, [essentially similar to sec. 5712, Rev. Codes of Montana] or is the marriage valid where the parents had actually consented even though the consent was not written?

"The requirement of written and acknowledged consent, as required by section 31-202 of the Idaho Laws, supra, has been held in cases considering similar statutes to be applicable only to the issuance of the license, and simply directory to the clerk who issues the license, and the lack of such written and acknowledged consent does not affect the validity of the marriage." (Citing cases.) See also, 35 Am. Jur., sec. 23, p. 195;, 38 C. J., secs. 73, 74, pp. 1306, 1307; Vaughn v. Vaughn, 62 Cal. App. (2d) 260, 144 Pac. (2d) 658.

The sole question before us is whether the marriage of a person who has attained the age of legal consent, but not majority, and not otherwise disqualified, contracted without consent of parent or guardian, is subject to annulment. We are not here concerned with the situation resulting from marriage of a person below the age of consent, with or without the consent of parent or guardian.

The precise question presented does not appear to have been disposed of by this court. But a similar situation was presented in Johnson v. Alexander, 39 Cal. App. 177, 178 Pac. 297. It was there said:

"The only question presented involves a construction of section 82 of the Civil Code. This section provides that a marriage may be annulled for a number of specified causes, existing at the time of the marriage. The cause relied upon by plaintiff is:

" 'That the party in whose behalf it is sought to have the marriage annulled was under the age of legal consent, and such marriage was contracted without the consent of his or her parents or guardian, or person having charge of him or her. * * *'

"The precise question presented is whether the term 'age

of legal consent,' as used in the above section, refers to the age of 15 years specified in section 56, Civil Code, as the age at which females, not otherwise disqualified, are capable of consenting to and consummating marriage, or whether it refers to the age of 18 years, specified in section 69, Civil Code. The last-mentioned section provides that:

" 'If the male is under the age of twenty-one years or the female is under the age of eighteen years, and such person has not been previously married, no license must be issued by the county clerk unless the consent in writing of the parents of the person under age, or one of such parents, or of his or her guardian, is presented to him, duly verified by such parents, or parent, or guardian; and such consent must be filed by the clerk, and he must state such facts in the license.'

"It will be noted that section 56, Civil Code, specifies 15 years as the age at which females are capable of 'consenting to' and consummating marriage. Section 82, Civil Code, provides for an annulment in cases where a party was 'under the age of legal consent.' It seems from the language of these two sections to be clear that an annulment would be possible under subdivision 1, of section 82, Civil Code, only when the party seeking it was under the age of 15 years at the time of the marriage and the consent of her parents or guardian had not been previously obtained.

"By section 69, Civil Code, the duty of the county clerk is clearly defined, but we are of the opinion that, if he fails in this, either willfully or through mistake, and issues the license to a female under the age of 18 years without the consent of parent or guardian, and the marriage is afterward solemnized, such marriage is not void or voidable because of the failure of the clerk to perform his duty as prescribed." See also, Vaughn v. Vaughn, supra.

It seems clear to us that in order to procure an annulment under the provisions of the first subdivision of section 5729, Revised Codes, it must appear that the party in whose behalf it is sought was at the time of the marriage under the age of

legal consent, and such marriage was contracted without the consent of his or her parents or guardian or person having charge of him or her. Since it appears affirmatively here that the person in whose behalf the annulment is sought was over the age of consent, as prescribed by section 5696, Revised codes, the conditions precedent to an annulment, prescribed by section 5729, are lacking, and the trial court was correct in refusing to grant the annulment prayed for.

Additionally, it appears from the opinion of the trial court that the marriage was followed by cohabitation of the parties, and this may be also implied from the allegations of the complaint. We think this question is immaterial under the circumstances of this case.

The order appealed from is affirmed.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair and Angstman concur.