#30086, #30094-r-SPM
**2023 S.D. 26**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE
ESTATE OF ROSE BEADLE,
DECEASED.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
ROBERTS COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE GREGORY MAGERA
Judge

* * * *

PAMELA R. REITER of
Reiter Law Firm, LLC
Sioux Falls, South Dakota

RONALD A. PARSONS JR. of
Johnson, Janklow & Abdallah, LLP
Sioux Falls, South Dakota                    Attorneys for appellant Truman
                                             Raguse.


CHRIS A. NIPE
Mitchell, South Dakota                       Attorney for appellant Travis
                                             Raguse.

* * * *

ARGUED
MARCH 22, 2023
OPINION FILED **06/14/23**

* * * *

GORDON P. NIELSEN of
Delaney, Nielsen & Sannes, P.C.
Sisseton, South Dakota

Attorneys for appellee Allen Riess.

MYREN, Justice

[¶1.] Rose Beadle's temporary guardian and conservator changed Rose's investment accounts to eliminate Travis Raguse and Truman Raguse as her beneficiaries. Although a court order authorized the guardian/conservator's actions, the court issued that order without a hearing and without notice to the beneficiaries. After Rose died, the circuit court approved a final accounting and terminated her guardianship/conservatorship. Travis and Truman appealed, but this Court dismissed their appeals as moot. During the probate of Rose's estate, Travis and Truman filed petitions to determine title to Rose's investment accounts. The Estate's personal representative moved for summary judgment on their petitions to determine title. The circuit court granted summary judgment to the Estate, and Travis and Truman filed timely appeals. We reverse and remand.

**Facts and Procedural History**

[¶2.] Rose Beadle was in her 90s and living in assisted living when the events surrounding this case began. Her husband, Lloyd, died in 2010 after over sixty years of marriage. They had no children. Following Lloyd's death, Rose had a spouse-like relationship with Darryl Raguse until he died in 2019. Darryl had four grandchildren, including Travis and Truman. In 2012, through a durable power of attorney for financial account matters, Rose designated Travis as her attorney-in-fact.

[¶3.] Rose owned investment accounts at Edward Jones. The beneficiary acknowledgment form associated with these accounts listed six of her nieces and nephews as primary beneficiaries of the accounts to receive equal portions of the

assets transferable on death (TOD). After Travis became Rose's attorney-in-fact, the TOD beneficiaries of these accounts were changed to Travis and his brother, Truman.[1]

[¶4.] In February 2019, Travis was charged with embezzling from Rose from 2013 through 2018. In January 2020, he pled no contest to grand theft by embezzlement, was granted a suspended imposition of sentence, and ordered to pay $172,857.85 in restitution to Rose.

[¶5.] In August 2019, the circuit court entered an order appointing G. Todd Garry as a temporary guardian and conservator for Rose. The order gave him "all of the powers as set forth in SDCL 29A-5-411." Neither Travis nor Truman received notice of this appointment. In September 2019, Garry petitioned the circuit court for permission to establish conservator checking and investment accounts. Specifically, he sought to close Rose's Edward Jones investment accounts that were TOD to Travis and Truman and create new accounts that did not include those TOD designations. No hearing was held on the petition, yet the circuit court entered an order granting the petition on October 23, 2019. Pursuant to the circuit court's order, Garry removed Truman and Travis as TOD beneficiaries on these accounts.

[¶6.] In November 2019, Allen Riess (Rose's nephew) and Garry filed a petition requesting the circuit court to appoint Riess as guardian and co-conservator and Garry as co-conservator. Truman and Travis did not receive notice of this

---

1. There are unresolved allegations that Travis accomplished these changes through undue influence or through a self-dealing exercise of his authority as attorney-in-fact.

petition. The circuit court entered an order appointing Riess and Garry on November 25, 2019.

[¶7.] Rose died in February 2020. In March 2020, Riess petitioned for formal probate of Rose's will. Following a contested hearing, the circuit court appointed Riess as personal representative and admitted Rose's will to formal probate.

[¶8.] In April 2020, Riess and Garry petitioned for termination of the guardianship and conservatorship and requested approval of their final accounting. Travis and Truman were not given notice of these requests. On June 16, 2020, the circuit court entered an order approving the final accounting and terminated the guardianship and conservatorship. On October 20, 2020, the guardian/conservators gave notice of entry of the October 23, 2019 order and the June 16, 2020 order to Travis through an attorney who was assisting him on another matter. This notice of entry was not provided to Truman or his attorney.

[¶9.] On November 18, 2020, Travis filed a timely appeal of the October 23, 2019 order. This notice of appeal did not include the June 16, 2020 order. Although he had received no notice of entry, Truman filed his appeal on February 24, 2021. He appealed the October 23, 2019 order and the June 16, 2020 order. Truman and Travis both filed a notice of intention to file a statement of the proceedings under SDCL 15-26A-54. On March 31, 2021, the circuit court entered two statements of the proceedings in which it found that Travis and Truman had not received any notice before or after the court entered its order approving the change in

beneficiaries.[2] It also found that no hearing had been held before the entry of that order.

[¶10.] On May 20, 2021, counsel for Riess, Attorney Gordon Nielsen, issued a notice of entry to Travis and Truman that included all orders in the guardianship/conservatorship file. On June 18, 2021, Travis filed an amended notice of appeal in which he attempted to add the June 16, 2020 order to the orders he was appealing.

[¶11.] This Court issued orders to show cause in Travis' appeal and Truman's appeal, asking the parties to address jurisdiction and mootness. In his response to the order to show cause in each file, Riess asked this Court to dismiss both appeals and asserted the probate court was the appropriate place for Travis and Truman to assert their claims.[3]

[¶12.] This Court ruled that Travis' November 18, 2020 appeal was timely but he only appealed the order dated October 23, 2019. His subsequent attempt on

---

2. Statements of proceedings are authorized by SDCL 15-26A-54 and allow the appellant, in certain instances, to prepare a "statement of the proceedings from the best available means" and submit it to the trial court for approval.

3. Specifically, Riess stated:

> In addition, the conservatorship has been closed and the assets transferred to the Rose Beadle Probate estate which is not a party to this action. It is not possible for the Conservators to be directed to distribute assets that they don't have especially when the actions of the Conservators and the accounting of the Conservators have been approved by Court Order and their letters of guardianship and conservatorship have been revoked. As argued in Appellee's brief, Appellants should seek a remedy in the Probate Estate, which is open. Not in the Conservatorship Estate, which has been closed by Court order and by operation of law.

June 18, 2021 to expand his appeal to include the June 16, 2020 order was ineffectual because it was not timely. Although Travis' appeal of the October 23, 2019 order was timely, this Court dismissed the appeal as moot. Truman's timely appeal was dismissed on the same grounds. In each order, this Court indicated those appeals were moot because "this Court can no longer grant effectual relief of the challenged orders" because of Rose's death and the termination of the guardianship and conservatorship.

[¶13.] On November 2, 2020, before the dismissal of the appeals in the guardianship/conservatorship proceedings, Riess petitioned the probate court to determine title to the Edward Jones accounts. However, after this Court dismissed the appeals of the guardianship/conservatorship orders, Riess withdrew that petition. On January 5, 2022, Truman filed a petition to determine the title to the funds from the Edward Jones accounts. On January 24, 2022, Travis filed the same petition.

[¶14.] On May 3, 2022, Riess moved for summary judgment on the petitions filed by Travis and Truman. In contrast to the argument he made to this Court on appeal regarding the guardianship/conservatorship orders, Riess argued that the final order approving the termination and final accounting "extinguishe[d] any and all legal claims by Travis and Truman Raguse to the Edward Jones investment accounts." Riess further argued that because this Court dismissed the appeals in the guardianship and conservatorship case, "there is no legal claim to be brought by the Raguses in the probate file." Travis and Truman opposed the Estate's request

for summary judgment. The circuit court issued an order granting the Estate's motion for summary judgment, and Truman and Travis filed timely appeals.

**Standard of Review**

[¶15.] "'We review a circuit court's entry of summary judgment under the de novo standard of review.' We will affirm a circuit court's 'grant of a motion for summary judgment when no genuine issues of material fact exist, and the legal questions have been correctly decided.'" *Harvieux v. Progressive N. Ins. Co.*, 2018 S.D. 52, ¶ 9, 915 N.W.2d 697, 700 (citation omitted) (quoting *Wyman v. Bruckner*, 2018 S.D. 17, ¶ 9, 908 N.W.2d 170, 174).

> ***Whether this Court's dismissal of the guardianship/ conservatorship appeals as moot precluded the probate court from determining issues related to the title of the Edward Jones accounts.***

[¶16.] "[A]n appeal will be dismissed as moot where, before the appellate decision, there has been a change of circumstances or the occurrence of an event by which the actual controversy ceases and it becomes impossible for the appellate court to grant effectual relief." *Larson v. Krebs*, 2017 S.D. 39, ¶ 13, 898 N.W.2d 10, 15–16 (alteration in original) (quoting *Sullivan v. Sullivan*, 2009 S.D. 27, ¶ 11, 764 N.W.2d 895, 899). The Estate contends that this Court's dismissal of the guardianship/conservatorship appeals effectively affirmed the circuit court's decisions and precluded the probate court from addressing any claims regarding the title to the Edward Jones accounts. The Estate misunderstands the meaning of our orders of dismissal. We dismissed the appeals in the guardianship/conservatorship proceeding because they were "rendered moot by Rose Beadle's death on February 8, 2020, and by entry of the circuit court's final order of June 16, 2020, approving

termination of the guardianship and conservatorship and the final accounting, as this Court can no longer grant effectual relief of the challenged orders." There was no longer a guardianship or conservatorship because the circuit court's order had terminated it. The probate court has the authority to resolve any disputes regarding the ownership of Rose's investment accounts. SDCL 29A-3-105.[4]

### Whether the October 23, 2019 order entered in the guardianship/conservatorship was valid.

[¶17.] Travis and Truman asked the probate court to determine whether the prior order authorizing the conservator to change the investment accounts was void because it was issued without notice to the beneficiaries and without a hearing. Garry was a temporary guardian and conservator when he requested court authorization to make these changes to the Edward Jones accounts. "A temporary guardian or conservator shall have only those powers and duties which are specifically set forth in the order of appointment." SDCL 29A-5-315. The order appointing him as temporary guardian and conservator gave him all the powers

---

4.     SDCL 29A-3-105 provides in part:

> Persons interested in decedents' estates . . . may petition the court for orders in formal proceedings within the court's jurisdiction including but not limited to those described in this article. . . . The court has jurisdiction of any other action or proceeding concerning a succession or to which an estate, through a personal representative, may be a party, *including actions to determine title to property*, and of any action or proceeding in which property distributed by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent.

(Emphasis added.)

under SDCL 29A-5-411. While that statute contains a broad authorization of powers, it does not include the power to make changes to a protected person's estate plan. Instead, SDCL 29A-5-420 provides that, upon petition, a court may authorize a conservator to make such changes.[5] That statute requires that "[n]o order may be

---

5. SDCL 29A-5-420 provides in part:

> Upon petition therefor, the court may authorize a conservator to exercise any of the powers over the estate or financial affairs of a protected person which the protected person could have exercised if present and not under conservatorship, including the powers:
> . . .
> (7) To withdraw funds from a multiple-party bank account as defined in § 29A-6-101, *to change the beneficiary on or dispose of any payable or transfer on death arrangement* as defined in § 29A-6-113, or to dispose of any property specifically given under the protected person's will; or
> (8) To make, amend, or revoke a will.

> The court, in authorizing the conservator to exercise any of the above powers, shall primarily consider the decision which the protected person would have made, to the extent that the decision can be ascertained. The court shall also consider the financial needs of the protected person and the needs of legal dependents for support, possible reduction of income, estate, inheritance or other tax liabilities, eligibility for governmental assistance, the protected person's prior pattern of giving or level of support, the existing estate plan, the protected person's probable life expectancy, the probability that the conservatorship will terminate prior to the protected person's death, and any other factors which the court believes pertinent.

> No order may be entered under this section unless notice of hearing is first given to the protected person, to the beneficiaries of the protected person's estate plan, and to the individuals who would succeed to the protected person's estate by intestate succession and, if known, to any attorney or financial advisor who advised the protected person within the last five years. No trust or will may be amended or revoked without prior notice of

(continued . . .)

entered under this section unless notice of hearing is first given to . . . the beneficiaries of the protected person's estate plan[.]" SDCL 29A-5-420. The Estate contends that SDCL 29A-5-419[6] allows the circuit court to authorize any action by the conservator, even when that action would violate the express requirements of another statute governing the authority of conservators. In SDCL 29A-5-420, the Legislature established the authority and required procedure for a court to authorize a conservator to alter a protected person's estate plan. The suggestion that SDCL 29A-5-419 allows the circuit court to ignore that required procedure is misguided. SDCL 29A-5-420 requires notice to the beneficiaries and a hearing before a circuit court can authorize a conservator to change a protected person's TOD designation.

[¶18.] At oral argument, all parties acknowledged that the October 23, 2019 order authorizing the conservator to remove the TOD beneficiaries on Rose's Edward Jones accounts was entered without notice to the beneficiaries and without

_____

(. . . continued)
> hearing to the trustee or nominated personal representative thereof.

(Emphasis added.)

6.      SDCL 29A-5-419 provides:

> Nothing in this chapter prohibits the court from limiting the powers which may otherwise be exercised by a guardian or conservator without prior court authorization, from authorizing transactions which might otherwise be prohibited, nor from granting additional powers to a guardian or conservator. Nothing in this chapter prohibits a guardian or conservator from seeking court authorization, instructions, or ratification for any actions, proposed actions, or omissions to act.

hearing.[7]  Consequently, the order is void as a matter of law.  *See Lessert v. Lessert*, 64 S.D. 3, 263 N.W. 559, 561 (1935) (judgment was void when "it was beyond the power and authority of the court which rendered it.").  On remand, the probate court retains full authority to resolve any and all claims regarding the ownership of those accounts.

[¶19.]　　　We reverse and remand for further proceedings consistent with this opinion.

[¶20.]　　　JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.

---

7.　　The parties' acknowledgements that Truman and Travis were not provided a full and fair opportunity to litigate in the guardianship/conservatorship proceedings also precludes the Estate's contention that Truman and Travis are barred by res judicata with respect to any determinations in that proceeding.