[Sac. No. 2236. In Bank.—May 11, 1915.]

## In the Matter of the Guardianship of ANGELINA AMBROSE, a Minor.

MINOR—MARRIAGE OF—CONSENT OF PARENTS OR GUARDIAN.—The marriage of a female minor over the age of consent is valid independently of the consent of her parents or guardian. Such consent is necessary only when the minor is under the age of consent as provided in section 56 of the Civil Code.

ID.—GUARDIANSHIP—CESSATION OF CONTROVERSY—APPEAL.—When the foundation of the controversy is as to who is legally capable of consenting to the marriage of a female minor, if the marriage has been solemnized with the consent of the minor after the appeal was taken, and is therefore valid without the consent of either parents or guardian, the court will not pass judgment upon the validity of the appointment of the guardian because the judgment can have no practical effect.

ID.—TERMINATION OF AUTHORITY OF PARENTS OR GUARDIAN BY MARRIAGE. The authority of parents or guardian over a minor ceases upon the marriage of the minor.

DISMISSAL OF APPEAL—CESSATION OF CONTROVERSY.—When by the happening of an event after the taking of the appeal, the determination of the controversy becomes of no practical effect, the proper course is to dismiss the appeal.

APPEAL from an order of the Superior Court of Butte County appointing a guardian. H. M. Albery, Judge presiding.

The facts are stated in the opinion of the court.

Martin I. Welsh, and C. E. McLaughlin, for Appellant.

Guy R. Kennedy, for Respondent.

LORIGAN, J.—This is an appeal from an order appointing a guardian of the person and estate of said minor.

The petition for letters of guardianship was filed by C. S. Cline, respondent, and probation officer of the county of Butte. The minor, who was of the age of fourteen years, filed also her request consenting to his appointment. The appointment of the petitioner as guardian of the person of the minor was sought for the avowed purpose, as stated in the petition, that the guardian might give his consent to the marriage of said minor with one Joseph Freitas, who, under promise to marry the minor when she attained the age of consent, had been sexually intimate with her, as a result of which she was expected soon to become a mother. The parents of the minor opposed the appointment of a guardian. On the hearing in the court below it appeared that Freitas and the father of the girl were engaged together in the dairy business and that while living on the ranch with her family the relations between himself and the girl commenced. When her condition of pregnancy was well advanced Freitas confessed to the parents his relations with their daughter and her condition and asked their consent to her marriage with him. This was refused and naturally angered and incensed at the conduct of Freitas toward his daughter the father immediately filed a complaint before a justice of the peace charging him with the crime of rape. Apart from his conduct with the girl, which was most reprehensible and which undoubtedly on account of her being under the age of sixteen years subjected him to prosecution for the crime of rape, Freitas was shown on the hearing to be a man of good character and reputation, honest, and indus-

trious and possessed of some considerable means, and both he and the girl expressed an affection for each other and a desire to be married. The parents of the girl were strongly opposed to her marriage, entertaining and declaring against Freitas a natural and justifiable aversion on account of his conduct toward their daughter. It appeared without question that the parents entertained a deep affection and love for their daughter, were perfectly competent financially and otherwise to take care of her and her child in her misfortune, and desired to retain their paternal custody and control over her for the purpose of doing so, and preferring that an illegitimate child be born to their daughter rather than that she should marry Freitas. Notwithstanding this opposition of the parents the court was of the opinion that under all the circumstances disclosed by the evidence it would be for the best interest of the minor in respect to her temporal, mental, and moral welfare that the said C. S. Cline be appointed her guardian and accordingly so ordered. The order of the court, of course, said nothing with respect to the guardian consenting to the marriage of his ward, although the obvious purpose of having him appointed guardian was that he might do so. From this order the parents appeal, insisting that there was no evidence whatever in the case to authorize the court in depriving them of their natural rights as parents to the control and custody of their child; nothing to show that they were unfitted or unqualified to exercise such rights and that, hence, the order depriving them of such control and custody was unwarranted.

We have made only this brief statement of the matters presented in the record on this appeal because in the light of events that have happened since the appeal was taken and called to our attention on the day of its hearing before us, it clearly appears that no practical purpose can be attained by a disposition of the appeal upon its merits. On that day there was presented and filed in this court a certificate of marriage showing that after the appointment and qualification of the guardian of the minor and after this appeal had been taken, such guardian had filed with the county clerk of Butte County his consent as guardian to the marriage of his ward with Freitas; that a license was accordingly issued and that they were married. Whether the guardian pending this appeal could give consent to the marriage of his ward or not is immaterial for consideration, though it is claimed by respond-

ent that under section 966 of the Code of Civil Procedure the validity of his action in that respect cannot be questioned. As the minor was over the age of fifteen years she was capable of consenting to and consummating marriage (Civ. Code, sec. 56), and having consented thereto, and her marriage having been duly solemnized it was valid, whether it was consented to by her guardian or parents or not.  It is only when marriage is contracted by a minor who is incapable of consenting to marriage by reason of being under the age of consent as provided in section 56 of the Civil Code, that the consent of parents or guardian is essential to its validity and which renders a marriage solemnized without it subject to annullment by the incapacitated minor or at the instance of the parents or guardian of the minor if an action for that purpose is brought within a certain time.  Here, however, as the minor was of the age of consent and her marriage solemnized it was a valid marriage without the consent of parents or guardian, and even if the order here appealed from were reversed it would still remain valid and invulnerable to any attack which she or her parents might seek to make against it on account of the fact that the consent of the latter had not been obtained.

The minor having therefore contracted a valid marriage pending this appeal it is quite obvious from the legal results which follow from her present marital *status* that the question between the parties to this controversy as to who is entitled to the care and custody of her person has become of no practical consequence and that that matter has been eliminated from the domain of controversy in any court.  Through her marriage the parental authority of her parents or their right to her control and custody as their minor child ceased. (Civ. Code, sec. 204.)  Likewise, the power of the guardian respondent over her was superseded by her marriage.  (Code Civ. Proc., sec. 1760.)  Her marriage emancipated her from all parental control which might otherwise be exercised by reason of her minority and placed her equally beyond further control of the court over her person in any guardianship proceeding based upon such minority.  Under these circumstances the solution of the question whether the superior court acted correctly or not in appointing a guardian would be now of no practical advantage or benefit to either party.  The controversy over that matter which is the only point involved in

this appeal practically ended with the marriage of the minor. This being the situation this court is not called upon to pass judgment on a question which, when given, can have no practical effect; where a controversy existing at the time the appeal was taken has by reason of matters subsequently transpiring ceased to exist. When this appears the proper course is to dismiss the appeal and as it appears so here that is the order to be entered.

We are not unmindful of the fact that the order appealed from not only appointed the respondent guardian of the person of the minor but also of her estate, but we do not think this should affect the disposition we think proper to make of this matter. It was obviously an oversight on the part of the court in having its order embrace also the guardianship of the estate of the minor. There was no question of guardianship of her estate involved in the proceeding. As we have said, the petition in its direct recitals shows that the guardianship of the person was all that was sought. It was alleged in the petition specifically that the minor had no estate and the court expressly found in the order of appointment the truth of this allegation and that the minor had no estate whatever. The order appointing the respondent guardian of the estate was obviously an inadvertence.

For the reasons given we are of the opinion that this appeal should be dismissed, and it is so ordered.

Shaw, J., Sloss J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.