[Crim. No. 2995. Second Appellate District, Division One.—August 27, 1937.]

## THE PEOPLE, Appellant, v. EARL FRANCIS LININGER, Respondent.

U. S. Webb, Attorney-General, Alberta Belford, Deputy Attorney-General, Buron Fitts, District Attorney, Jere J. Sullivan and Percy V. Hammon, Deputies District Attorney, for Appellant.

Emrys Davis for Respondent.

YORK, J.—Trial by jury having been duly waived and the cause submitted upon a stipulation of agreed facts, defendant was found guilty of the crime of bigamy, as charged in the information. From an order granting defendant's motion for a new trial, the People prosecute this appeal.

From the stipulation of facts, hereinbefore referred to, it appears that defendant together with Ruby Myrtle Armstrong on the 20th day of June, 1929, obtained a license to marry

in Los Angeles County; that they then proceeded to San Diego County, where a "duly ordained and authorized" minister of the gospel performed a marriage ceremony and pronounced the said parties husband and wife; that they then returned to Los Angeles County, where they lived together as husband and wife until some time in the year 1934, and while so living together a child was born to them; that no divorce or annulment proceeding was ever initiated by either of them; that the only marriage ceremony performed between said parties was the one performed in San Diego County. It further appears that on August 26, 1936, defendant and Mildred Evelyn Ritchey procured a license to wed in Ventura County, where they were married by a "duly ordained and authorized" minister of the gospel, and thereafter for a period of approximately six months they lived together as husband and wife; that no divorce or annulment of said marriage has ever been instituted by either party.

The question presented by this appeal is the following: "Is a marriage solemnized by a minister of the gospel in one county of this state upon a marriage license issued to the parties in another county of this state void or valid?" For the purposes of this decision, the answer to this question is contained in sections 68 and 71 of the Civil Code, which read as follows:

Section 68. "Marriage must be licensed, solemnized, authenticated, and recorded as provided in this article; but noncompliance with its provisions by others than a party to a marriage does not invalidate it."

Section 71. "No particular form for the ceremony of marriage is required, but the parties must declare, in the presence of the person solemnizing the marriage, that they take each other as husband and wife."

There is nothing in the point that the mere fact that the marriage occurred in a different county than that in which the license was issued makes the marriage absolutely void. "No divorce was ever secured by either of said parties, nor any annulment proceedings ever started by either of them." We are therefore of the opinion that the trial court erred in granting the motion for new trial.

The order is reversed.

Houser, P. J., and Doran, J., concurred.