[Civ. No. 3201.   Fourth Dist.   Dec. 17, 1942.]

FLOYD VAUGHAN, as Guardian, etc., Appellant, v. DALE GIDEON, Respondent.

C. E. Crowley for Appellant.

No appearance for Respondent.

Harry H. Parsons, as Amicus Curiae, on behalf of Respondent.

BARNARD, P. J.—This is an action for annulment of a marriage, brought by the father of a minor. So far as material here, the complaint alleges that the plaintiff is the father of this minor; that she was then under the age of 18 years, "to wit, of the age of seventeen years at this time"; that on January 26, 1940, at Yuma, Arizona, a marriage ceremony was performed between said minor and the defendant Dale Gideon; that said minor "was at that time under age of consent, to wit, of the age of fifteen years"; that said marriage was performed without the knowledge or consent of the plaintiff or of his wife; that prior to the time of said marriage and on or about December 5, 1939, the defendant raped the said minor and as a result thereof the minor became pregnant; that on September 9, 1940, a child was born to said minor, which child is now in the custody of its mother and the plaintiff and his wife; and that following said marriage ceremony said minor and the defendant have not lived together at any time as husband and wife and said marriage has never been consummated. The defendant defaulted and did not appear in the trial court.

The plaintiff testified that he is the father of this minor; that a marriage ceremony was performed between her and the defendant in Yuma, Arizona, on January 26, 1940; that this minor was born in June, 1924, and was about fifteen and one-half years old at the time of the marriage; that neither he nor the mother of the minor had given their consent to this marriage; that they knew nothing about it at the time; that the defendant had not lived with this minor at any time after the marriage; that this minor was brought to his home the same day that the marriage occurred and has resided there ever since; and that a child was born to her on September 9, 1940.

The minor in question testified that the defendant seduced her on or about December 5, 1939; that as a result of that intercourse she became pregnant; that when she told the defendant "he said if I didn't go with him my folks would send me to the reform school and him to the penitentiary"; that he wanted her to marry him for this reason; that she believed this to be true and accompanied him to Arizona in

his car; that they secured a license and were married there on January 26, 1940; that neither she nor the defendant secured any court order or consent permitting them to get married; that the defendant, immediately following the marriage, brought her directly to her father's home and then left; that she had never lived with the defendant at any time and had never had intercourse with him after the marriage; and that a child was born to her on September 9, 1940. On examination by the court, this minor testified that in securing a license in Arizona she falsely stated that she was either eighteen or twenty-one years of age; that the defendant told her what to put in the document and helped her prepare it; that she did what he told her to do; that she knew at the time that she was signing an affidavit that she was eighteen or twenty-one years of age; that she thought she had to do this; and that she knew that a license could not have been secured if she had told the truth.

The court made no findings of fact but entered a judgment and decree which contains the conclusions of law that this marriage "was and is a valid and subsisting marriage and that it is not subject to annulment, and that under the pleadings and proof in this case the plaintiff is entitled to no relief." The judgment was that the plaintiff take nothing by reason of this action and that the prayer for an annulment of this marriage be denied. From this judgment the plaintiff has appealed. The respondent has made no appearance, but an amicus curiae brief has been filed in support of the judgment as rendered.

In this state, such a minor is incapable of consenting to and consummating a marriage without the written consent of one of its parents and the permission of the superior court. (§56, Civ. Code.) Such a marriage under the circumstances which here appear would be subject to annulment if it occurred in this state. (*McDonald* v. *McDonald,* 6 Cal.2d 457 [58 P.2d 163, 104 A.L.R. 1290].)

The question here presented is whether a different situation prevails because this marriage ceremony was performed in Arizona. The pertinent Arizona statute reads:

"Males under 18 or Females under 16 shall not marry; where, however, a female, under 16 is, or is about to become a mother of a child, she may, with the consent of the parent or guardian having her in custody, and with the approval of a Judge of any Superior Court in this State, marry the

father of her child.'' (§ 63.102 Arizona 1939 Code Annotated.)

Insofar as we are advised, this statute has not been judicially construed in that state in respect to the matters which are material here. In the absence of such a construction we are entitled, and it is our duty, to construe that statute in accordance with what seems to be the plain meaning of the language used. That statute says that females under the age of sixteen years shall not marry, with an exception which is not material here. This seems to be a plain prohibition against such a marriage as the one with which we are concerned and it would naturally follow that a marriage in violation of such a direct prohibition would be invalid. Doubtless the courts of that state, if confronted with the problem, would consider such a marriage subject to annulment. In any event, section 82 of the Civil Code of this state provides for that procedure in such a case. Unless and until the courts of Arizona give a different construction to the statute of that state, to which we have referred, there is nothing in the comity rule to prevent the courts of this state from interpreting that statute as directly prohibiting such a marriage as that here in question. Under such circumstances, the rule applied in the majority opinion in *McDonald* v. *McDonald, supra,* has no application here.

█ Section 82 of our Civil Code, so far as material here, provides that a marriage may be annulled when the party in whose behalf it is sought was under the age of legal consent and when it was contracted without the consent of the parents. Section 83 of that code gives a parent the right to commence such an action when it is based upon that ground. The right to commence and maintain such an action would seem to carry with it a right to the relief thus provided for where the complaint is sufficient and the necessary facts are established without conflict. That is the precise situation here. While the language used in section 82 is that ''a marriage may be annulled'' for this cause, and while it is doubtless true that a trial court would have a certain amount of discretion under some circumstances, it would seem to be equally true that a parent is entitled to the relief thus provided for when it appears from the complaint and from the evidence that the case is one which clearly falls within the provisions of the statutes, when there is no evidence to the

contrary, and when no special circumstances are disclosed which call for or justify a departure from or make it inequitable to apply the general rule provided by the statutes. When the facts contemplated by these statutes are established without contradiction, and when the evidence would not sustain a finding of other or different material facts, if one was made, there would appear to be little room for the exercise of discretion upon the part of the trial court. Under the circumstances which here appear, it was an abuse of any possible discretion to deny all relief.

It would appear from the record that the trial court denied any relief to the appellant largely, if not entirely, because the minor in question had sworn falsely in securing the marriage license in Arizona. In a proper case that circumstance might furnish an additional reason for holding the marriage invalid, as having been accomplished through fraud. But it can hardly be considered as evidence that the marriage was in fact valid or as in any way tending to show that the marriage is not one coming within the purview of sections 82 and 83 of the Civil Code. In the amicus curiae brief this circumstance is relied on as showing that this minor did not come into court with clean hands, which is urged as a sufficient reason for denying any relief in this case. However, this action is one brought by the father of the minor, as permitted by the statute, and while this minor admitted on the stand that she had sworn falsely in securing the marriage license this fact neither reflects upon the appellant nor affects his separate and distinct right to ask for and receive the remedy given him by these statutes.

Every material fact required by these statutes was alleged and established by the evidence, there was absolutely no evidence to the contrary, and no valid reason appears for refusing the relief prayed for.

The judgment is reversed and the cause remanded.

Marks, J., and Griffin, J., concurred.