[Civ. No. 14210. Second Dist., Div. One. Jan. 12, 1944.]

KATIE VAUGHN, as Guardian, etc., Appellant, v. ANNA-BELLE VAUGHN, Respondent.

Walter L. Gordon, Jr., for Appellant.

No appearance for Respondent.

J. H. O'Connor, County Counsel, and S. V. O. Prichard, Assistant County Counsel, as Amici Curiae on behalf of Respondent.

WHITE, J.—Appellant herein, Katie Vaughn, as parent and natural guardian of Lafayette Vaughn, a minor, appeals from a decree of the superior court denying an annulment of the marriage of her minor son, Lafayette Vaughn, to Annabelle Vaughn. The defendant Annabelle Vaughn was served with summons but failed to appear and her default was duly entered.

The facts surrounding this litigation may be epitomized as follows: Lafayette Vaughn, son of the appellant, was mar-

262

ried to the defendant, Annabelle Vaughn, at Yuma, Arizona, on September 23, 1942. On the latter date Lafayette Vaughn was eighteen years of age, having been born on January 7, 1924. Prior to the marriage a license was secured from the license clerk at Yuma, but no written or other consent of the mother of Lafayette Vaughn, who had his custody and control, was presented to the license clerk prior to the issuance of such license, as is prescribed by the statutes of Arizona. The marriage was duly solemnized pursuant to such license. According to the record the parties separated on or about September 30, 1942. Appellant filed this action on February 20, 1943, to annul her son's marriage under the provisions of section 82, subdivision 1, and section 83, subdivision 1, of the Civil Code. After taking some evidence in the case, the trial court denied the annulment on the grounds that the complaint did not state facts sufficient to constitute a cause of action for annulment; that the marriage was valid and not void or voidable. Leave was granted to amend the complaint so as to state a cause of action for divorce but the record discloses the filing of no such amended pleading.

To support the decree of the trial court denying an annulment of this marriage it must be held that under the laws of the State of Arizona such marriage was legal and valid, for section 63 of the Civil Code of California validates all marriages contracted without this state which would be valid by the laws of the place where the same were contracted.

Section 63-102 of the Arizona Code (1939), of which we may take judicial notice (subd. 3, sec. 1875, Cal. Code Civ. Proc.) reads: "Males under eighteen (18), or females under sixteen (16) years of age shall not marry. Where, however, a female under sixteen (16) years of age is, or is about to become the mother of a child, she may, with the consent of the parent or guardian having her custody, and with the approval of any superior court judge in the state, marry the father of her child; any female who is, or is about to become the mother of a child, may marry the father of the child under eighteen (18) years of age, with the consent of his parent or guardian having his custody, and the approval of the judge of any superior court; they may not intermarry if prohibited by the statute relating to miscegenation."

The common law is the law of the State of Arizona (sec. 1-106, Ariz. Code). ██ At common law the age of consent

to marriage was fourteen (14) years for males and twelve (12) years for females. ■ Therefore, it is at once apparent that the above quoted section 63-102 of the Arizona Code is a statute in derogation of the common law and is to be strictly construed (*Richardson* v. *Ainsa*, 11 Ariz. 359 [95 P. 103]). ■ Courts are not authorized to construe statutes as having an effect beyond that which is to be gathered from the plain and direct import of the terms used in declaring them. As we read the above quoted section 63-102 of the Arizona Code, its only effect, pertinent to this case, is to raise the age of consent from the common law level to the level provided by such statute. By the Arizona statute males under the age of eighteen years and females under the age of sixteen years are absolutely prohibited from entering into a contract of marriage. Manifestly, therefore, both contracting parties to the marriage herein had complete and unqualified capacity to enter into the marital relationship so far as age is concerned.

Appellant, however, relies strongly upon the provisions of section 63-104 of the Arizona Code which provides as follows: "The clerk shall not issue a license without the consent of the parents or guardians of the parties applying, unless the parties applying shall be the male, twenty-one (21) years of age, and the female, eighteen (18) years of age. When both parents are living, the consent of the father alone is sufficient, except when the parents are living apart, and then the consent must be given by the one who has the custody of the minor." To us it seems immediately apparent that the section just quoted is a prohibition against the right, authority or capacity of the clerk of the superior court to issue a marriage license. It resembles and is similar to section 69 of the California Civil Code. It is noteworthy that while section 63-109 of the Arizona Code makes it a misdemeanor for the clerk of the superior court knowingly to issue a marriage license to a male person under the age of twenty-one years or to a female person under the age of eighteen years without the consent in writing of the parent or guardian lawfully entitled to give such consent, no penalty whatever is visited upon the contracting parties to the marriage; nor does any provision of the Arizona law declare that a marriage of persons over eighteen and sixteen years respectively, to which the parental or guardian's consent has not been procured, shall in any wise be impaired or invali-

dated because of the failure of the clerk to procure such consent. Section 63-107 of the Arizona Code declares what marriages are void in that state, but nowhere does it appear therein that a marriage wherein consent shall be required, and is not obtained, is either void or voidable.

There is respectable authority for the statement that laws such as the one with which we are here concerned, providing that under certain conditions the clerk shall not issue a marriage license without the written consent of parents or guardians; laws requiring publication of banns; attestation by witnesses; recordation of notices of solemnization of marriages, are construed as merely directory. In the absence of any provision declaring marriages not solemnized in a prescribed manner, or between parties of certain ages, absolutely void, it is held that all marriages regularly made according to the common law are valid and binding, though contracted in violation of any of the aforesaid and similar specific regulations imposed by statute (*Meister* v. *Moore,* 96 U.S. 76, 78 [24 L.Ed. 826]; *Cushman* v. *Cushman,* 80 Wash. 615 [142 P. 26, L.R.A. 1916C 732]).

So far as we have been able to discover, the Arizona courts have not passed upon the main and precise question presented upon this appeal, i.e., the validity of the marriage of a minor male over the age of eighteen years without the consent of his natural parent or legal guardian, and as we have heretofore pointed out the Legislature of Arizona has not made any specific provision in its statutes relative to the validity or invalidity of such a marriage; and neither has the Legislature of California enacted any statute that such marriages shall have no validity here. ■ It is fundamental that a marriage cannot be annulled unless there is something legally wrong with it in its inception, and the language of section 82 of the Civil Code of this state provides for the granting of an annulment only for causes "existing at the time of the marriage." A marriage which contravenes no law and is valid in all respects when contracted can never be annulled (*McDonald* v. *McDonald,* 6 Cal.2d 457 [58 P.2d 163, 104 A.L.R. 1290]).

The case of *Vaughan* v. *Gideon,* 56 Cal.App.2d 158 [132 P.2d 529], cited by appellant does not aid her. In that case the minor was fifteen years of age at the time of her marriage. She was married in Arizona after having falsely sworn that she was eighteen or twenty-one years of age. The pertinent

Arizona statute (63-102 Ariz. 1939 Code Annotated) reads: "Males under eighteen or females under sixteen shall not marry; . . ." Manifestly, a marriage in violation of such prohibitory statute would be invalid and the court in the cited case, at page 161, held that "Unless and until the courts of Arizona give a different construction to the statute of that state, to which we have referred, there is nothing in the comity rule to prevent the courts of this state from interpreting that statute as directly prohibiting such a marriage as that here in question. Under such circumstances, the rule applied in the majority opinion in *McDonald* v. *McDonald, supra*, has no application here."

 The facts confronting us in the case at bar are practically identical with those present in the case of *Johnson* v. *Alexander*, 39 Cal.App. 177 [178 P. 297], which was decided in 1918 prior to the amendment of section 56 of the Civil Code in 1921, and when the age of legal consent for females, not otherwise disqualified, as being capable of consenting to and consummating marriage, was fifteen years. At that time section 56 of our Civil Code prescribed fifteen years as the age of legal consent, and section 69 of the same code required that "if the male is under the age of twenty-one years, or the female is under the age of eighteen years, and such person has not been previously married, no license must be issued by the county clerk unless the consent in writing of the parents of the person under age, or one of such parents, or of his or her guardian, is presented to him, duly verified by such parents, or parent, or guardian; and such consent must be filed by the clerk, and he must state such facts in the license." The court sustained a demurrer to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. The appellate court, in affirming the trial court's decision, stated, at page 179: "It will be noted that section 56 of the Civil Code specifies fifteen years as the age at which females are capable of 'consenting to' and consummating marriage. Section 82 of the Civil Code provides for an annulment in cases where a party was 'under the age of legal consent.' It seems from the language of these two sections to be clear that an annulment would be possible under subdivision 1 of section 82 of the Civil Code, only when the party seeking it was under the age of fifteen years at the time of the marriage and the consent of her parents or guardian had not been previously obtained."

"By section 69 of the Civil Code, the duty of the county clerk is clearly defined, *but we are of the opinion that if he fails in this, either willfully or through mistake, and issues the license to a female under the age of eighteen years without the consent of parent or guardian, and the marriage is afterward solemnized, that such'marriage is not void or voidable because of the failure of the clerk to perform his duty as prescribed.*" (Italics ours.) The court then cites with approval the *Matter of the Guardianship of Ambrose*, 170 Cal. 160 [149 P. 43], where the same sections of the code were considered and stated at page 180: "that it is only when the marriage is contracted by a minor who is incapable of consenting thereto by reason of being under the age of consent provided and designated in section 56 of the Civil Code, and the consent of his or her parents or guardian has not been secured, that the marriage may be annulled under the provisions of subdivision 1 of section 82 of the Civil Code." In support of the holding that a marriage is neither void nor voidable because of the failure of the clerk to obtain the requisite consent of parents or guardian prior to the issuance of a license, it is said in *Cushman* v. *Cushman*, 80 Wash. 615 [142 P. 26, Ann.Cas. 1916C 732] : "*It might be added that the fact that license is issued for the marriage of infants, upon the written consent of their parents, is a recognition of the fact that infants are capable of giving their own consent thereto; for assuredly the law would not give its sanction to a marriage between parties whom it did not regard as capable of giving their consent thereto, and the requirement of parental consent is not to be regarded as meaning that infants are incapable of assenting to their own marriage.* Infants may consent to contract marriage even though such consent, like their other executory contracts, may not be enforced against them. *Parental consent adds nothing to the age or consenting capacity of the infant.* Requirement of such consent simply means that infants may not be licensed to marry upon their own consent alone, but that the consent of their parents must be added thereto; lack of such consent, however, not affecting the validity of a marriage, but only subjecting those who have neglected to acquire it to the penalties of the law." (Emphasis added.)

Appellant directs our attention to the case of *Southern Pacific Co.* v. *Industrial Acc. Com.*, 54 Ariz. 1 [91 P.2d 700], in which it was held that marriages in Arizona which are

merely voidable as well as those which are void are subject to annulment. This case is not helpful because neither in it nor in any other Arizona case, so far as we can find, has it ever been held that a marriage is voidable in the State of Arizona because of the failure of the licensing clerk to perform a duty which devolves upon him by statute. As we have heretofore pointed out, it is the general rule that marriages are not subject to annulment merely because of either a wilful or unintentional dereliction of duty on the part of a licensing clerk (38 C.J. 1306, note 78, citing cases from a majority of the states of the Union). Furthermore, when we look to the statutes of Arizona governing the annulment of marriages we find the statute pertinent thereto, section 27-801 (1939) reading as follows: "Annulment of Marriage. The superior courts may dissolve a marriage, and may decree the marriage to be null and void, where the cause alleged shall be an impediment rendering such contract void."

Finally, appellant urges that the marriage sought to be annulled was a contract made by a minor and as such may by him be disaffirmed. It is further argued that the personal representative of the infant may take advantage of such infancy and disaffirm his contracts. We are unwilling to hold that the doctrine of disaffirming civil contracts may be so broadly applied to the subject of marriage. Marriage is something more than a mere civil contract and, as declared by section 55 of the Civil Code of this state "is a personal relation arising out of a civil contract." Marriage is, therefore, a status based upon and arising out of a pre-existing contract. A complete and very apt answer to appellant's argument in this regard is made by Mr. Bishop in his work on Marriage and Divorce, section 586, wherein it is said "No special public harm is done when a minor promises marriage, then breaks his promise and pleads his nonage. But it would be a public scandal, an enormous abscess on the body politic, and a private curse to permit minors to come together in actual matrimony, then leave each other because of their nonage, then pair off differently, and continue the process until they were twenty-one years old."

The marriage with which we are here concerned, being legal and valid under the laws of the State of Arizona, we therefore conclude that the decree denying an annulment thereof must be affirmed. It is so ordered.

Doran, J., and York, P. J., concurred.