[Civ. No. 23317.   Second Dist., Div. One.   July 6, 1959.]

MERLE W. ANDERSON et al., Respondents, v.
CITY OF LONG BEACH et al., Appellants.

Walhfred Jacobson, City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Appellants.

Kenneth Sperry for Respondents.

WHITE, P. J.—The city of Long Beach appeals from the judgment which granted a peremptory writ of mandate requiring it "to adjust the pension account of each petitioner herein so as to include therein credit for the entire amount of pension payments to which each is and was legally entitled, based upon the applicable percentage of the entire amount of compensation that was actually provided for and paid to active members of equal rank throughout the period from October 1, 1954 to October 1, 1956, including the additional sum of $180.00 per annum, which was actually paid to each active member of the Police and Fire Department of the City of Long Beach pursuant to Ordinance No. C-3420 and the administrative regulations issued in connection therewith" and to pay to each petitioner the additional amount due him together with interest thereon at 7 per cent per annum.

Prior to October 1, 1954, each of the petitioners had retired from the police or fire department of the city (or was a widow or other dependent of a deceased policeman or fireman) and had been granted and paid a pension pursuant to the provisions of section 187 of the city charter, in monthly payments equal to the applicable percentage of the current salary provided for the position upon which such pension is based. Prior to October 1, 1954, each policeman or fireman had furnished his own uniforms as required by the city, receiving no reimbursement whatever for the amounts spent by them therefor.

Ordinance Number C-3420 became effective on October 1, 1954, and was repealed effective October 1, 1956. Section 3 thereof is as follows:

"The City of Long Beach shall reimburse said employees of the Police and Fire Departments for furnishing and maintaining such uniforms and accessories thereto in an amount to be determined by the City Manager, providing, however, that the total payment to each employee shall not exceed One Hundred Eighty Dollars ($180.00) per year."

It was stipulated by the parties hereto that "no changes were made in the type of uniform or the regulations with respect to the wearing of such uniforms in the calendar years 1954, 1955, or 1956, and that no affidavit or showing of any kind was required to be made by the various members of the

Police and Fire Departments with respect to the use of such funds as they were paid by the City of Long Beach pursuant to the provisions of said Ordinance Number C-3420 or with respect to the actual costs of any clothing or uniforms which were worn by them throughout the period from October 1, 1954 to October 1, 1956.''

It was further stipulated that quarterly payments were made by the city to the active members of the police and fire departments in accordance with an administrative regulation to the effect that the police and fire departments shall furnish the accounting department with time sheets showing the number of ''on duty days'' worked by their members, who shall be paid a uniform allowance based upon a schedule specifying the amounts due for ''on duty days'' ranging from 52 cents for one to $47.72 for 92 ''on duty days'' in any quarter, but not to exceed $180 in any year.

Respondents urged in the court below, and it was there determined, that the uniform allowance was in fact an increase in the ''salary attached to the rank or position'' held by respondents prior to their retirement.

The fact that the so-called ''uniform allowance'' is not provided in the salary ordinance, but a separate one, that none of the respondents had ''on duty days'' or was required to maintain uniforms and accessories during the time within which said Ordinance Number C-3420 was in effect are claimed by appellant to require reversal of the judgment for the reason that it ''is contrary to the law and the facts.'' This contention is based upon cases cited to the effect that the motive for enactment of a law is not a proper subject of judicial inquiry (*Butterworth* v. *Boyd*, 12 Cal.2d 140, 146 [82 P.2d 434, 126 A.L.R. 838]); that the courts must interpret statutes and ordinances in accordance with the intention of the legislative body as shown by ''the plain and unambiguous language used'' (*Estate of Carter*, 9 Cal.App.2d 714, 718 [50 P.2d 1057]; *Vaughn* v. *Vaughn*, 62 Cal.App.2d 260, 262 [144 P.2d 658]; *Caminetti* v. *Pacific Mutual Life Ins. Co.*, 22 Cal.2d 344, 352 [139 P.2d 908]; *People* v. *Pacific Guano Co.*, 55 Cal.App.2d 845, 847 [132 P.2d 254]), and that the court has no power to determine the wisdom of any economic policy (*Max Factor & Co.* v. *Kunsman*, 5 Cal.2d 446, 454 [55 P.2d 177]).

Each of the cited decisions involved facts easily distinguishable from those in the instant action, and it would serve no useful purpose to discuss them at greater length.

The fact that respondent pensioners did not furnish

uniforms or serve during "on duty days" between October 1, 1954, and October 1, 1956, is not relevant to the determination of the amount of their pensions. Their pensions are based upon their contracts (already fully performed by them) relative to active service rendered by them, for which they were to and did receive certain compensation at the time, and also for which the city promised they would, after retirement, receive certain percentages of the amounts paid by the city to others from time to time rendering the same services.

The actual effect, not the wording, of the ordinance determines whether it is added remuneration for services rendered. Under the facts of the instant action $180 per year was added to the pay for work done by each employee who worked full time. Therefore, the court correctly determined that the pensions of petitioner-respondents should be based upon such increased compensation being paid to others later rendering the same services.

■ Appellant's second ground for reversal is that "certain findings of the trial court are without evidentiary support." The finding claimed to be without evidentiary support is "that though said additional payments were referred to in said ordinance as a clothing or 'uniform allowance,' the same was actually treated and intended as a part of the salary of each active employee who held one of the aforesaid positions." The stipulated facts hereinbefore epitomized are sufficient to support the finding as to how the "uniform allowance" was computed and paid, or "treated." Whether the council "intended" that such allowance be treated as it was is immaterial and the finding to that effect, assuming it to be without evidentiary support and therefore erroneous, could not have been prejudicial to the city under the facts and circumstances of the instant action.

■ Appellant's third specification of error urged as requiring reversal of the judgment against them is that "the court eroneously allowed the respondent interest on the amount due." In support of said third point, they cite and rely upon the recent decision in *Abbott* v. *City of Los Angeles,* 50 Cal.2d 438, 466 et seq. [326 P.2d 484], wherein it was decided that prejudgment interest can not be collected from a city under the provisions of section 3287 of the Civil Code, for the reason that a city is not a "political subdivision of the State" within the meaning of that section. For that reason, the provision for prejudgment interest should be stricken from the judgment.

The judgment is modified by striking therefrom that portion

which awards respondents interest at the rate of 7 per cent per annum dating from September 7, 1955, on the unpaid balance then due each and also on such additional unpaid amounts as have accrued thereafter from the date of each accrual until said amounts are paid in full; in all other respects the judgment is affirmed. Respondents to recover costs on appeal.

Fourt, J., and Lillie, J., concurred.