[Civ. No. 20696. First Dist., Div. One. Dec. 26, 1962.]

FERNE BARNETT, Plaintiff and Appellant, v. WILLIAM L. HUDSPETH, Defendant and Respondent.

Gus C. Ringole for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from a judgment holding valid the marriage of the parties.

### QUESTION PRESENTED

Does the absence of witnesses invalidate a Nevada marriage?

### RECORD

Plaintiff filed an action in declaratory relief to determine the validity of her Nevada marriage. Defendant defaulted. The trial court declared the marriage valid. Plaintiff appealed. No appearance has been made on behalf of defendant.

### MARRIAGE VALID

Section 63, Civil Code, provides that marriages contracted without the state are valid in California if they would be valid by the law of the state in which they were contracted.

Section 122.010, Nevada Revised Statutes, provides generally: "Marriage in so far as its validity in law is concerned is a civil contract. . . . Consent alone will not constitute marriage; it must be followed by solemnization as authorized and

provided by this Chapter." With respect to solemnization, section 122.110 provides: "1. In the solemnization of marriage no particular form shall be required except that the parties shall declare, in the presence of the Judge, minister or magistrate, and the attending witnesses, that they take each other as husband and wife. 2. In every case there shall be at least two witnesses present besides the person performing the ceremony."

The trial court found that the parties contracted to marry, and on June 9, 1961, procured a license to marry in Reno, Nevada. They were married that day by an acting justice of the peace qualified to conduct a marriage ceremony. Although a certified copy of the marriage certificate indicated that two witnesses were present, the court found there was no one present other than the parties and the justice of the peace. The parties then conducted themselves as husband and wife until some time in August 1961, when plaintiff became concerned about the validity of the marriage and separated from defendant. No question was raised concerning the validity of the marriage other than the effect of the absence of witnesses.

Section 122.090 of the Nevada statutes provides: "No marriage solemnized before any person professing to be a judge, justice or minister shall be deemed or adjudged to be void, nor shall the validity thereof be in any way affected on account of any want of jurisdiction or authority, provided it be consummated with a full belief on the part of the persons so married, or either of them, that they have been lawfully joined in marriage." This statute indicates Nevada's concern in protecting the status of persons who marry in good faith.

Certainly the solemnization of a marriage by an unauthorized person would be a more serious defect than the absence of witnesses. It would be a contradiction of legislative intent to hold that a less serious defect renders the marriage voidable.

It is pointed out in Keezer, Marriage and Divorce (3d ed.) section 6, page 13, that "statutes regulating the issuing of licenses, the attendance of witnesses, formal solemnization and the like, are generally held to be directory unless a statute expressly invalidates marriages not in conformity therewith." It was so held in *Meister* v. *Moore* (1877) 96 U.S. 76 [24 L.Ed. 826], where the Supreme Court of the United States had before it a Michigan statute identical in terms to section 122.110 of the Nevada Revised Statutes. And a California case has recognized the principle and applied it in a situation involving an Arizona marriage license statute. This statute

provided that no marriage license should be issued to a minor without the consent of the parents. No such consent was obtained. Nevertheless the court held the marriage valid. (*Vaughn* v. *Vaughn* (1944) 62 Cal.App.2d 260, 263-267 [144 P.2d 658].)[1]

*Barrons* v. *United States* (9th Cir. 1951) 191 F.2d 92, was an interpleader action to determine who was entitled to the proceeds of a national service life insurance policy. The deceased was a serviceman who had been killed in action shortly after being married by means of a proxy marriage performed in Nevada. After reviewing the Nevada statutes on marriage the court stated that although there was no express provision for proxy marriages in that state, "it cannot be said that proxy marriages are inconsistent with its marriage laws." (P. 97.) The court stated further that such a marriage was certainly not void. Without determining whether it was or was not voidable the court said: "The most that could be said of it is that it [the lack of personal appearance at the ceremony] rendered the marriage voidable. Since the marriage under attack here has not been annulled, and the husband is deceased, appellant has no standing to attack it." (P. 99.) The court stated that "defects of a formal nature, such as unknown lack of authority in the presiding official, are not given the dignity of grounds for annulment." (P. 98.) Obviously this case is in no way authority for holding that the lack of witnesses at the marriage in question here makes the marriage either void or voidable.

The trial judge, Honorable Francis McCarty, well points out in his memorandum opinion: "The only conceivable purpose of the requirement that there be two witnesses to the marriage ceremony, therefore, is to prove that the marriage occurred, in the even[t] that there is a claim by either party that it did not take place. Here the parties admit the marriage took place. Therefore, the necessity for the witnesses to prove its performance is obviated. The parties did everything required of them in order to effectuate a legal marriage. Pursuant to the ceremony and in reliance thereon they thereafter conducted themselves as husband and wife. The court should strive to uphold

[1]The California law appears to be that solemnization is essential to a valid marriage. (See *Norman* v. *Norman* (1898) 121 Cal. 620 [54 P. 143, 66 Am.St.Rep. 74, 42 L.R.A. 343]; *Estate of Abate* (1958) 166 Cal.App. 2d 282, 292-293 [333 P.2d 200]; but cf. *People* v. *Lininger* (1937) 22 Cal.App.2d 440 [71 P.2d 306]; see also 20 Cal. L. Rev. 90 (1931).) But California does not have a statute comparable to subdivision 2 of section 122.110 of the Nevada Revised Statutes.

the validity of a bona fide marriage rather than seek ways to invalidate it. The status of parties who marry in good faith should not be jeopardized unless public policy compels such action. In this instance it does not.''

The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.