139 Cal.App.3d 733 (1983)
189 Cal. Rptr. 201
Estate of HOWARD GIBSON, Deceased.
KENNETH CORY, as State Controller, Petitioner and Respondent,
v.
HELEN BIRD et al., Objectors and Appellants.
Docket No. AO19492.
Court of Appeals of California, First District, Division Two.
February 7, 1983.
*734 COUNSEL
Clyde D. Bird, Jr., for Objectors and Appellants.
Ralph L. Isaacs, Carl A. Gonser, Albert J. Horn, Penelope C. Greenberg and Carr, McClellan, Ingersoll, Thompson & Horn as Amici Curiae on behalf of Objectors and Appellants.
Myron Siedorf, Robert G. Harvey and Edgar Sanderson for Petitioner and Respondent.
OPINION
SMITH, J.
This is an appeal from an order fixing inheritance tax.
The referee and trial court applied the law in effect before Propositions 5 and 6, which have the effect of repealing the gift and inheritance tax, were passed at the June 8, 1982 statewide election.[1]
*735 The decedent died on March 13, 1982. If the retroactivity provision of Proposition 5 had been applied, the tax would have been $6,171. Instead, under prior law, the court fixed it at $20,732.
The issues presented by this appeal concern the construction and constitutionality of Propositions 5 and 6.
Appellant maintains that: 1) Propositions 5 and 6 can be fully harmonized, and the retroactivity provision of Proposition 5 can be given effect; 2) Proposition 5, insofar as it applies to deaths which occurred prior to its enactment, does *736 not violate the constitutional prohibition against gifts of public moneys (Cal. Const., art. XVI, § 6); and 3) these two initiative statutes do not circumvent the constitutional prohibition against referenda on tax levies.[2]
Respondent urges that: 1) the retroactivity provision of Proposition 5 is in irreconcilable conflict with Proposition 6, which, because it received more votes, must control; and 2) the application of the retroactivity provision of Proposition 5 would constitute an unconstitutional gift of public money.
(1a) We hold that the retroactivity provision of Proposition 5 cannot stand and therefore uphold the judgment.
(2) It is a cardinal rule of statutory construction that statutes relating to the same subject matter must be read together and reconciled whenever possible. (See Fuentes v. Workers' Comp. Appeals Board (1976) 16 Cal.3d 1, 6-7 [128 Cal. Rptr. 673, 547 P.2d 449]; Organization of Deputy Sheriffs v. County of San Mateo (1975) 48 Cal. App.3d 331, 340 [122 Cal. Rptr. 210].) This rule applies to initiative measures enacted as statutes as well as to acts of the Legislature. (58 Cal.Jur.3d, Statutes, §§ 82, 84, 105, pp. 430, 435, 479.) However, in case of an irreconcilable conflict between the provisions of two or more measures approved at the same election, California Constitution, article II, section 10, subdivision (b) provides that "those of the measure receiving the highest affirmative vote shall prevail."[3]
(1b) The language of the disputed provisions is unambiguous. Proposition 5 states: "Neither an inheritance tax nor a gift tax shall be imposed on any transfer made and completed on or after January 1, 1981." Proposition 6, however, does not operate retrospectively. It states: "this act shall become operative as of the date of passage hereof ... Any liability for inheritance or gift tax incurred prior to such date shall be determined and enforced under the applicable law in effect on the date of death or date of completed transfer as fully and to the same extent as if the repeals of parts 8 and 9 of Division 2 of the Revenue and Taxation Code had not been made." Clearly, both provisions cannot be given effect. Since Proposition 6 received the higher affirmative vote, under article II, section 10, subdivision (b) of the California Constitution, it must control.
*737 The order appealed from is affirmed.
Rouse, Acting P.J., and Miller, J., concurred.
Appellants' petition for a hearing by the Supreme Court was denied April 13, 1983. Mosk, J., and Grodin, J., did not participate therein.
NOTES
[1] Proposition 5 provides: "SECTION 1. Part 8 (commencing with Section 13301) of Division 2 of the Revenue and Taxation Code is repealed.

"SEC. 2. Part 8 (commencing with Section 13301) is added to Division 2 of the Revenue and Taxation Code, to read:
"PART 8. FEDERAL CREDIT TAX
"13301. Neither an inheritance tax nor a gift tax shall be imposed on any transfer made and completed on or after January 1, 1981. However, a tax shall be imposed on the estate of decedents dying on and after January 1, 1981, at the same rate as the schedule of credits for state death taxes under subdivision (b) of Section 2011 of the Internal Revenue Code of 1954.
"13302. The Legislature shall provide for the collection and administration of the tax imposed by Section 13301.
"SEC. 3. Part 9 (commencing with Section 15101) of Division 2 of the Revenue and Taxation Code is repealed."
Proposition 6 provides: "Section 1. Part 8 (commencing with Section 13301) of Division 2 of the Revenue and Taxation Code is repealed.
"Section 2. Part 9 (commencing with Section 15101) of Division 2 of the Revenue and Taxation Code is repealed.
"Section 3. Part 8 (commencing with Section 13301) is added to Division 2 of the Revenue and Taxation Code, to read:
"Part 8. Prohibition of Gift and Death Taxes
"13301. Neither the state nor any political subdivision of the state shall impose any gift, inheritance, succession, legacy, income or estate tax, or any other tax, on gifts or on the estate or inheritance of any person or on or by reason of any transfer occurring by reason of a death.
"13302. Notwithstanding the provisions of Section 13301, whenever a federal estate tax is payable to the United States, there is hereby imposed a California estate tax equal to the portion, if any, of the maximum allowable amount of the Credit for State Death Taxes, allowable under the applicable federal estate tax law, which is attributable to property located in the State of California. However, in no event shall the estate tax hereby imposed result in a total death tax liability to the State of California and the United States in excess of the death tax liability to the United States which would result if this section were not in effect.
"13303. The Legislature shall provide for the collection and administration of the tax imposed by Section 13302.
"Section 4. This act shall become operative as of the date of passage hereof, and shall apply to the estates of those persons dying on or after such date, to transfers occurring by reason of a death occurring on or after such date, and to gifts made or completed on or after such date. Any liability for inheritance or gift tax incurred prior to such date shall be determined and enforced under the applicable law in effect on the date of death or date of completed transfer as fully and to the same extent as if the repeals of Parts 8 and 9 of Division 2 of the Revenue and Taxation Code had not been made.
"Section 5. Except to provide for the collection and administration of the tax imposed by Section 13302 of the Revenue and Taxation Code in a manner not inconsistent with this act, the Legislature shall not amend or repeal this act other than by an enactment which becomes effective only when approved by a majority of the electors voting thereon in a statewide election.
"Section 6. If any section, part, clause, or phrase hereof is for any reason held to be invalid, the remaining provisions of this act shall not be affected but shall remain in full force and effect."
[2] In Carlson v. Cory (1983) ante, page 724 [189 Cal. Rptr. 185] we rejected a constitutional challenge to these measures.
[3] We note that the ballot pamphlet on the subject election, at the direction of the Legislature, set forth the text of this constitutional provision. (See Stats. 1981, ch. 235, § 3, p. 1244.)