[No. E007620. Fourth Dist., Div. Two. Mar. 12, 1991.]

Estate of ROBERT DANIELS, Deceased.
GREY DAVIS, as State Controller, etc., Petitioner and Appellant, v.
JOYCE DANIELS CLARKE, Individually and as Executrix, etc.,
Objector and Respondent.

COUNSEL

Myron Siedorf and Phyllis K. Fairbanks for Petitioner and Appellant.

Bunker, Byrum & Kimball and Christopher M. Dietrich for Objector and Respondent.

## OPINION

**DABNEY, Acting P. J.—**

### FACTS AND PROCEDURAL HISTORY

Robert Daniels died on March 25, 1982. The second amendment to the Robert and Isabelle Daniels Living Trust of 1982 established a qualified terminable interest property (QTIP) trust which gave Isabelle, as surviving spouse, the income for life and a limited power of appointment over the remainder.

Isabelle died on April 6, 1984. She had received $242,245.63 income from the trust.

On May 9, 1989, the inheritance tax referee filed a report which valued the QTIP trust as follows: Income—$242,246; limited power qualified terminable trust—$603,553; general power to appoint charity—$603,553; "Five by Five"[1] power—$142,368. The remainder interest was valued on the basis of Isabelle's actual life pursuant to Revenue and Taxation Code section 13955[2] rather than her life expectancy as set forth in the tables pursuant to section 13953.[3]

---

[1] See Internal Revenue Code sections 2514 et seq.

[2] All further code references are to the Revenue and Taxation Code unless otherwise indicated.

[3] "When . . . [a trust] creates a life interest and remainder interests in the same property, it is necessary to divide the value of the property at the date of the decedent's death between the life interest and the remainders for the purposes of inheritance taxation. This division is generally made by deducting the value of the life interest from the total value of the property.

Respondent objected to the referee's valuation of the trust pursuant to section 13955. The court sustained the objections and ordered the referee's report to be amended to value the trust pursuant to section 13953. Petitioner appeals from that order pursuant to Probate Code section 7242, subdivision (b).

## DISCUSSION

 At issue in this appeal is the applicability of section 13955 when the surviving spouse, who received a life estate and a limited power of appointment over the remainder of the trust, dies before determination of the inheritance tax on the transfer of such interests.

 Although both sections 13953 and 13955 as part of the inheritance tax law were repealed after Robert's death, we apply the law in effect at the date of his death. (*Estate of Gibson* (1983) 139 Cal.App.3d 733, 736 [189 Cal.Rptr. 201].)

Section 13953 states: "The value of a future, contingent, or limited estate, income, or interest is determined in accordance with the standards of mortality and value set forth in the United States life tables: 1959-1961, published by the United States Department of Health, Education and Welfare, Public Health Service, and the rate of interest used in computing the present value of the estate, income, or interest is 6 percent per annum compounded annually."

Section 13955 provides: "If an annuity or a life estate is terminated by the death of the annuitant or life tenant or by the happening of a contingency, and the tax upon the transfer of the annuity or estate has not been determined, the value of the annuity or estate is the present value, at the date of the transferor's death, of the amount of the annuity or income actually paid or payable to the annuitant or life tenant during the period he was entitled to the annuity or was in possession of the estate." The parties dispute the meaning of the phrase, "the tax upon the transfer of the annuity or estate has not been determined."

 Respondent contends the phrase means that section 13955 does not apply where the life estate is exempt from tax as is the case here under section 13805. "None of the property transferred to the spouse of the decedent is subject to this part, except that if a limited power of appointment over any portion or all of the decedent's property is given to the spouse of

---

The difference represents the value of the remainders." (*Estate of Knapp* (1951) 37 Cal.2d 827, 830-831 [236 P.2d 372].)

the decedent, the value of such property is subject to this part; provided, however, that the value of any interest, other than the power itself, given to the spouse of the decedent in such property is not subject to this part." (§ 13805.) Respondent argues that since the life estate was exempt from tax under section 13805, valuation under section 13955 is not appropriate because it applies only when there is a tax on the life interest; therefore, the life interest and remainder interest should be valued under section 13953.

Appellant contends that the phrase refers to the timing of the tax determination. Inheritance tax is not determined until the court signs an order fixing the tax. (§ 14672, subd. (a); *Estate of Off* (1956) 146 Cal.App.2d 516, 518 [304 P.2d 126]; see § 14501 et seq.) Because the tax had not been determined on the transfer after Robert's death and before the life estate was terminated by Isabelle's death, section 13955 applies.

Respondent urges that the plain meaning of the phrase in dispute supports its position. ■■■ When a phrase's plain meaning is apparent, we may not construe the phrase to have any other meaning. (*Vaughn* v. *Vaughn* (1944) 62 Cal.App.2d 260, 263 [144 P.2d 658].) ■■■ To the contrary, the phrase does not lend itself to a plain meaning which supports respondent's position. ■■■ Even if the phrase lent itself to such a plain meaning, the "courts resist blind obedience to the putative 'plain meaning' of a statutory phrase where literal interpretation would defeat the Legislature's central objective. [Citation.]" (*Leslie Salt Co.* v. *San Francisco Bay Conservation etc. Com.* (1984) 153 Cal.App.3d 605, 614 [200 Cal.Rptr. 575], fn. omitted.) Instead, "the provision must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in a wise policy, rather than mischief or absurdity. [Citations.]" (*DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722].)

■■■ Section 13953 provides for the determination of the value of life interests and remainders using tables to determine the life tenant's life expectancy as of the date of the decedent's death. Section 13955, as an alternative method, provides for their determination on the actual length of the life estate when the life tenant dies before the tax on the transfer is determined. (*Knapp, supra*, 37 Cal.2d at pp. 831, 834.) "By requiring the substitution of fact for probabilities, section 13955 calls for a more accurate apportionment of the taxes between the transfers of the life interest and the remainders than section 13953." (*Id.*, at p. 831.)

The apparent purpose of section 13955 is to obtain a more accurate and realistic apportionment for inheritance tax purposes. This legislative pur-

pose would be defeated by respondent's interpretation because under it, even if the actual length of the life tenancy is known, we would resort to the tables under section 13953 to value the life interest and remainder rather than obtaining a more accurate and realistic apportionment under section 13955.

The court erred in sustaining respondent's objections and ordering the referee's report to be amended to value the QTIP trust pursuant to section 13953. When the life tenant dies before the inheritance tax is determined or the transfer of such tenancy, regardless of whether the life interest is exempt from such taxation, section 13955 applies in the valuation of such trust.

### DISPOSITION

The order is reversed. Petitioner to recover costs on appeal.

Hollenhorst, J., and Timlin, J., concurred.